ELLA MILLER ARMSTRONG, PETITIONER-PROSECUTRIX,
v. UNION COUNTY TRUST COMPANY, RESPONDENT-
DEFENDANT.

Submitted May term, 1936—Decided July 31, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the prosecutrix, *Edwin Joseph O'Brien.*

For the defendant, *Collins & Corbin* (*Edward A. Markley*
and *Charles W. Broadhurst,* of counsel).

PER CURIAM.

The writ of *certiorari* herein brings up for review a judg-
ment of the Union County Common Pleas Court, reversing a
determination of the workmen's compensation bureau by
which compensation was awarded to the widow and children
of the deceased employe.

John C. Armstrong met his death while he was in the
employ of the Union County Trust Company. He was
employed, generally, as a utility man in the bank and, at
the time he met with the fatal accident, was probably engaged
in the work for which he was employed. At the particular
time he had been directed to go into the cellar of the building
occupied by the bank, to scrape some paint off a glass door.
He was found lying on the floor with a fracture of the skull.
There was a severe contusion of the left eye and temple and
evidence of hemorrhage in the middle ear.

Petitioner proved the facts of the employment; that the
injuries suffered by her husband happened during the course
of his employment, but was not able to produce any proof
as to how the happening occurred.

The employer offered no testimony whatever before the compensation bureau but moved for a dismissal of the petition when the petitioner rested her case. The deputy commissioner found in favor of the petitioner and awarded compensation. On appeal, the judge of the Union County Common Pleas Court concluded that the petition should be dismissed because there was "no proof of an accident arising out of the decedent's employment." The court's finding was based on the opinion of this court in the case of *Nardone* v. *Public Service, &c., Co.,* 113 *N. J. L.* 540; 174 *Atl. Rep.* 745. We, too, are bound by the holding in that case. The judgment in that case, however, was not carried by appeal to the Court of Errors and Appeals. The Nardone case is therefore dispositive of the question before us.

The judgment of the Union County Court of Common Pleas is affirmed, and the writ dismissed, with costs.