PASSAIC COUNTY COURT OF COMMON PLEAS.

MARY LOHNDORF, PETITIONER-APPELLANT, v. PEPER BROS., INC., RESPONDENT-APPELLEE.

Decided October 25, 1945.

For the petitioner- appellant, *Ward & Levinthal.*

For the respondent-appellee, *Wilbur A. Stevens.*

DELANEY, C. P. J.  This is a compensation case.  The decedent, man of fifty-nine, was employed as manager of a paint

store on Main Street in Paterson, New Jersey. His duties consisted in selling paint and allied products over the counter, in keeping records, and in arranging the stock. The store, about sixty feet in length, had seven or eight shelves on the side, upon which the merchandise was displayed, the heavier cans being upon the floor and lower shelves, and the lighter cans on the top shelves, which were reached by an eight-foot ladder. The lead and paints, weighing from ten to fourteen pounds a gallon, came in cans, sizes from a pint to five gallons, and in containers weighing 100 pounds. The white lead cans weighed from twelve and a half to 100 pounds. Rolls of roofing material weighed from fifty-five to sixty-eight pounds. The decedent had one part-time helper, a Mr. Schmitz, who worked only in the afternoons. A Mr. Hickling, whose duty it was to drive the truck, did not assist inside the store.

Decedent died at three A. M. on Sunday, August 27th, 1944, from a coronary occlusion. No autopsy was made, and the doctor who signed the death certificate has since been inducted into the armed forces. Though there was some testimony that decedent had illness of the kind before, the case rests upon repeated illnesses from Wednesday, August 23d, through Saturday, August 26th, during which period the decedent experienced several attacks, evidenced by shortness of breath, pain in his left shoulder and in his chest, symptoms, according to the medical authorities, of coronary insufficiency or a coronary occlusion. Attacks of angina become manifest when the demand for blood is greater than the diseased coronary arteries can supply, and though these advanced attacks are usually brought on by effort, in many cases even slight effort, such as moving from chair to chair, is sufficient.

On Wednesday, August 23d, decedent had one of these attacks immediately after lunch, and relieved himself by taking a glass of water. He continued to work after ten or fifteen minutes, until four or five P. M., when he had another occurrence. After the pain subsided he worked until closing time, seven P. M. On Thursday afternoon decedent experienced another attack while at work. On Friday, an especially busy day, while decedent and his helper were unloading in the store a hand truck which had been used to convey the

merchandise, decedent had another attack. On Saturday decedent complained at least twice, the last time about four P. M. At six o'clock he said, "I wish it was seven. I would go home and take a rest. I am glad tomorrow is Sunday, and I will take a good rest."

At closing time he and the helper, Mr. Schmitz, went next door to a tavern for Alka Seltzer to relieve decedent. After ten or fifteen minutes he left, boarded a bus, and arrived home about nine P. M., when, according to his wife, he looked pale and tired, had trouble breathing, complained of pain in his chest, and was very quiet. After eating supper he did not go to bed, but sat on a chair or on the sofa, and attempted to go to the toilet four times. The last time, about three A. M., he said, "Oh," and putting his hands on his chest fell backwards. When the ambulance, summoned by his wife, arrived, Dr. Mohnack pronounced decedent dead from a heart attack.

The contention of the respondent is that the appellant did not establish an accident, but that, as the Commissioner decided, death was the natural result of the disease of his coronary arteries, that "the disease ran its natural and progressive fatal end," and to hold the employer liable would be to make him an insurer. He contends that the appellant did not sustain the burden of proving "that the asserted accident was at least a contributory cause, without which the occlusion would not have occurred," and cites *Schlegel* v. *H. Baron & Co.*, 130 *N. J. L.* 611; 34 *Atl. Rep.* (2d) 132, in support of that contention.

In the case above cited, claimant rested his claim upon one accident, an accident which the court found had not been established by the evidence. In the present case, the appellant does not claim any one incident as an accident, but rests her claim upon the nature of decedent's work and the testimony of the doctors for appellant, the three of whom testified that the work decedent continued to do from Wednesday, the day of the first attack in the store, until Saturday, was definitely a contributory cause of death. Dr. Cohen, a cardiologist and chief of the cardiac clinic at Paterson General Hospital, testified that it was impossible to say whether an occlusion occurred Wednesday or whether it occurred sometime between

Wednesday or Saturday, but from the symptoms of the decedent, physical effort was *contra*-indicated.

Dr. Budd, a specialist in internal medicine and cardiology, testified, in response to a hypothetical question, that "Now, by coronary insufficiency we mean that insufficient blood was flowing through the coronary vessels to supply the needs of the heart, and as a result, if this man kept on working as he did, even after this pain, and had repeated recurrences of this pain, not only that day but several days following, he was aggravating his condition, which most likely was coronary artery sclerosis.

"If a man has coronary artery sclerosis with an anginal syndrome, such as the man represented, and the man continues to work instead of resting, you are aggravating his condition and bringing about his eventual death, which happened in this particular case," and that further work was "definitely *contra*-indicated."

The doctor for respondent, Dr. Jerome C. Kaufman, a cardiologist of Newark, testified that death was due to a coronary occlusion which occurred late Saturday night and that the history was devoid of any incident which is unusual or even suggesting there was any particular relationship between strain and the onset of a coronary occlusion. He stated that in his opinion decedent's collapse occurred at nine P. M., following a full meal (the testimony says nothing about the extent of the meal), and what that contributed was just as important as any unrelated incident in the previous week. This is pure conjecture as to when the fatal occlusion occurred, for there is no testimony to bear out that decedent's symptoms were any worse after he ate than before, or than they had been during any time Saturday.

Using the test given in *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *N. J. L.* 512; 6 *Atl. Rep.* (2d) 396, 401, "The requirement that the injury or death arise by accident, under our statute, is satisfied if the claimant discharges the burden of proving that the condition complained of, *i. e.,* the injury or death, is related to or affected by the employment, that is to say, if *but for the employment it would not have occurred*" (and we may add "at that particular time").

We think this test governs this case. Though there is no testimony as to how many heavy cans of paint the decedent sold in any one of the days in the period from Wednesday through Saturday, nor how many times he had to climb the ladder during any one of these particular days, the testimony, however, did show that the nature of the business demanded in the usual day and in the usual course of business the lifting of the cans from the floor, and the climbing of the ladder to get the smaller cans.

Dr. Budd, on behalf of the claimant, testified in response to the hypothetical question:

"It is accumulation here and possibly, or probably, I would say—you can't say absolutely—climbing, for instance, a ladder, even with a small weight, is quite significant, because you have to climb and balance yourself at the same time, which makes the effort worse."

While decedent's work was not laborious, it required physical effort, at times great physical effort. The testimony of the three doctors for the appellant was that work was definitely contra-indicated. The respondent's doctor said work was not contra-indicated; that not all cases showing the symptoms of the decedent are put to bed; that only extreme cases, those having from fifteen to twenty attacks a day, are put to bed. The weight of evidence, however, establishes to this court's mind the necessity of rest.

The central question in the matter is one of fact. The burden of proof is, of course, upon the claimant. *Armstrong* v. *Union County Trust Co.*, 14 *N. J. Mis. R.* 648; 186 *Atl. Rep.* 522; affirmed by the Court of Errors and Appeals, 117 *N. J. L.* 423; 189 *Atl. Rep.* 138.

The presumption is that a coronary thrombosis "was due solely to disease; and the *onus* is on claimant to establish that the asserted accident was at least a contributory cause without which the occlusion would not have occurred." *Schlegel* v. *H. Baron & Co.*, 130 *N. J. L.* 611; 34 *Atl. Rep.* (*2d*) 132.

In *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494; 6 *Atl. Rep.* (*2d*) 409, 410, Mr. Justice Bodine quoted Lord Loreburn in *Clover, Clayton & Co.* v. *Hughes*, 3 *B. W. C. C.* 284, to the effect:

"In other words, did he die from the disease alone or from the disease and employment taken together, looking at it broadly?" And "Was it the disease that did it or did the work he was doing help in any material degree?"

Under this rule we find that the appellant has sustained the burden of proving her case.

Where the work contributes to and accelerates the death, the death is compensable. The Commissioner found that the death was an inevitable outcome of the disease, but, in the light of the testimony of the medical authorities that effort or strain in most cases produces angina, and the fact that the decedent admittedly had several attacks either of angina or of minor occlusions before the fatal occlusion, and the fact that the fatal occlusion followed so closely on the repeated attacks of Wednesday through Saturday, whether the fatal occlusion happened at home after a meal or at work on Friday or Saturday, it would seem most logical that there is a causal connection between the work and the death.

The decedent had a coronary disease. The work put further strain on an already weak heart, lessening the ability of the heart to withstand further strain, and hastening the death. Following the law as laid down in *Hentz* v. *Janssen Dairy Corp., supra,* these circumstances constitute an accident compensable under the statute, *N. J. S. A.* 34:15–1, *et seq.*

Hence the matter is referred to the Workmen's Compensation Bureau for a determination in accordance with the views herein expressed.