## THE QUEEN vs. LUI SELF.

### EXCEPTIONS.

HEARING, MARCH 7, 1892. DECISION, MARCH 15, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ. McCULLY, J., ABSENT.

An objection to the competency of a juror, when overruled, must be excepted to in order to be of avail to the defendant.

A Representative was summoned as a talesman in a criminal case: Article 20 of the Constitution forbids the appointment of a member of the Legislature, during the time for which he is elected, to any civil office under the Government:

Held, the summoning of a person to serve as a juror is not his appointment to a civil office under the Government.

### OPINION OF THE COURT, BY JUDD, C.J.

At the last October Term of the Court, the defendant was tried and convicted, on appeal before a jury, of the offense of assisting in the management of a lottery. The panel being exhausted, a bystander, L. W. P. Kanealii, was summoned to serve on the jury as a talesman. On taking his seat, he stated that he was a Representative for Wailuku, Island of Maui. The Court thought he was not thereby disqualified, and he was sworn without objection by the defendant's counsel. No exception was taken to the Court's allowing him to sit as a juror.

On the rendition of the verdict, the defendant's counsel moved to set aside the verdict and grant a new trial, on the ground that the juror Kanealii was disqualified under Article 20 of the Constitution, he being a member of the Legislature.

We are of the opinion that this objection, in order to be of any avail to the defendant, should have been made the subject of an exception. But as the question is important to be decided, we shall consider it.

The last part of Article 20 of the Constitution reads: "And no member of the Legislature shall, during the time for which he is elected, be appointed to any civil office under the Government, except that of a member of the Cabinet."

The only limitations to the summoning of persons to do jury duty are that they must be "suitable persons," being residents, not postmasters or firemen. In our practice, Government employees, professional men and foreign consuls are also ordinarily exempted. It is not essential that jurymen, if foreigners or of foreign birth or parentage, be naturalized. But in order to hold an office of profit or emolument under the Government, the person must take the oath of allegiance. Act of 1874, Compiled Laws, p. 106. This legislative construction, that employment as a juror is not the holding of an "office of profit or emolument," has weight with us. Such service is not strictly an "office," though we may speak of the "office" of a juryman, meaning his function as such. It is not an office, because it is a temporary employment from which the person is relieved as soon as the duty is performed. The duty to serve as a juryman is an obligation to the community in which he resides, and his consent to serve is not essential. His position as a juryman is not the result of a contract, as is the case with ordinary appointments to office. Moreover, the summoning of a member of the Legislature to serve as a juror is not within the evils which the 20th Article of the Constitution was intended to cure. We cannot imagine that the employment of a person to act as a juror could ever be considered as a reward for subserviency to the Government in the Legislature. Furthermore, we have no means of knowing whether the juror in question was one of the nine who voted for the conviction of the defendant or not.

We therefore hold that the summoning of a member of the Legislature to serve as a juror is not the appointment of such person to a civil office under the Government, and is not prohibited by Article 20 of the Constitution. The exceptions are dismissed, and new trial refused.

*Deputy Attorney-General Creighton*, for the Crown.

*J. L. Kaulukou*, for defendant.