## MICHAEL WILLNER, PETITIONER, v. SAMUEL KATZ, RESPONDENT.

Submitted May 14, 1926—Decided September 30, 1926.

**Workmen's Compensation—Employe was Working With Employer When Injured by "Hold-up" Men—Held, That Injury so Received is Received in Course of Employment—When Attack is Aimed at Employe as a Personal Matter a Different Situation is Presented.**

On *certiorari* to award in a workmen's compensation case.

Before Justices PARKER, BLACK and CAMPBELL.

For the petitioner, *Frank G. Turner.*

For the respondent, *Meisterman & Katchen.*

PER CURIAM.

The only question presented is whether there was an accident arising out of and in the course of the employment. Petitioner was working for and with his employer sorting live chickens, when suddenly a gang of hold-up men appeared, and called "hands up." The petitioner, apparently, did not elevate his hands quickly enough to suit them, some one shot, and the petitioner was hit in the abdomen, his life being saved by a prompt operation.

The important question to consider is whether a "hold-up" of an employe and his employer, working together, is a situation which should be reasonably anticipated as connected with the employment. In these times, when such events are of more than daily occurrence, we think there can be but one answer. As a matter of common knowledge, every employe with money of his employer in his custody or working in the neighborhood of the cash, may as well expect that something might happen. The bank messenger, the pay roll custodian, the collector, the cashier, and all working around them, are subject to the risk.

It is true that when the attack is aimed at the employe as a personal matter, or does not appear to be connected in any way with the employment, it is not considered as furnishing basis for a claim under the statute. *Walther* v. *American Paper Co.*, 89 *N. J. L.* 732; *Schmoll* v. *Brewing Co., Id.* 150. But in *Foley* v. *Rubber Co.*, 91 *Id.* 323, where the risk was a war risk, and in *Emerick* v. *Slavonian Union*, 93 *Id.* 282, where the injured bartender was trying to collect for his employer, and *Nevich* v. *Delaware, Lackawanna and Western Railroad*, 90 *Id.* 228, the injury was connected with the employment. We think that was the case here; if the petitioner had been carrying a pay roll, or had been cashier in a restaurant, the case would have been typical, but as we view it, no more plain than that before us.

The judgment of the Common Pleas affirming the award is, in turn, affirmed.