McGinnis Hatfield, *Sheriff, etc. v.* C. C. Hutton *et al.*

(No. C. C. 418)

Submitted April 9, 1929.    Decided April 16, 1929.

*Taylor & Taylor,* for plaintiff.
*Jos. M. Crockett,* for defendant.

WOODS, PRESIDENT:

This action was brought at the relation of Cecil Lusk for damages arising from an alleged breach of a bond, given the sheriff of McDowell county by C. C. Hutton, a tax collecting deputy, as principal, and J. W. Blakely, Agent, as surety. The declaration contains two counts. Each sets out the bond in *haec verba,* and is drawn on the theory that that portion of section 7, Chapter 148, West Virginia Cumulative Statutes, 1925, providing that regularly elected sheriffs, regularly appointed deputies, etc., shall be liable upon their said official bonds, for the damages done by the *unlawful or careless* use of any pistol or revolver, whether such bond is so conditioned or not, *ex proprio vigore* became and was an added condition to said bond, though unexpressed therein. *Hatfield* v. *Wyatt,* 99 W. Va. 604. Though inaptly drawn, each count, in substance, alleges that the said deputy, while Lusk was travelling in a peaceable and lawful manner upon one of the highways of the county wherein Hutton was a tax collecting sheriff, stopped Lusk and assaulted him, and that the said Hutton, without any just cause whatsoever, took from his pocket or holster a pistol or revolver, and with the same in his hand advanced and came towards and to Lusk, and in an abusive and threatening manner, cursing and abusing Lusk all the time, struck Lusk in the face with his fist, causing his mouth and teeth to bleed greatly and profusely and causing his lips and gums to become cut and lacerated and his teeth to become loosened. A demurrer to the declaration and each count thereof was sustained by the trial court, and its ruling certified here for review.

The alleged unlawful use of the pistol or revolver, and the damage occasioned thereby, constitute the gravamen of this

action. Counsel for the defendants practically admits under the holding in the case of *Hatfield* v. *Wyatt, supra,* that the defendants would be liable had the battery on and about the face of Lusk been made by the pistol or revolver. However, the declaration does not so allege. It proceeds on the theory that the officer carried the pistol or revolver in such a manner as to cause, or threaten, a breach of the peace, and that while so doing he was able to inflict bodily injuries upon Lusk with his other fist. According to its averments, Lusk was without fault and had committed no offense justifying an arrest, when the officer advanced toward him, pistol in hand, using opprobrious epithets, and struck him with his fist. The presence of the revolver, while not used in striking the plaintiff, tended to overawe him and cause him to submit to injuries which he otherwise might have avoided. To hold otherwise would permit an officer in such a case to inflict serious bodily injury on a man while holding him at bay with a pistol. And in such case the only recourse the public would have would be a personal action against the offender for damages sustained. We believe that the averments in the declaration sufficiently charge that the alleged injury to the plaintiff in the instant case did flow from the unlawful use of the pistol, and that by reason of its use that the said Lusk was made helpless at the hands of the deputy sheriff. The presence of the revolver was a force in itself which kept Lusk from properly defending himself.

It is argued by counsel for defendants, citing *State* v. *Mankin,* 68 W. Va. 772, that the act complained of is not shown in the declaration to have been committed by the officer under the color of office. It is true as a general proposition, as stated in the *Mankin* case, that in order to make sureties in official bond liable for personal injury inflicted by the officer in making an arrest the officer in such case must act under a warrant or other writ calling into execution his official powers in the particular case, or he must act under a claim that an offense has been committed in his presence, based upon conduct giving color to such claim, or calling for judgment and opinion as to whether an offense has been so committed. On looking to the two counts of the declaration,

the first count does not show that the act complained of was done *colore officii,* but the second count is based upon that theory. However, whether the act was so done or not, *colore officii* is rendered immaterial by our holding in the *Hatfield* case, *supra,* that the bond was given *quoad* the liability imposed thereby for damages resulting from the unlawful or careless use of deadly weapons by such officer. The only test of liability of the officer is whether he used the weapon "unlawfully or carelessly". If so, the same rule is applied to him as in the case of the private individual who secures a permit under the statute to carry a revolver.

While the two counts include several allegations regarding an arrest and a trial before a justice and an acquittal on the part of the said Lusk, these several matters are merely descriptive of the existing conditions and tend to show the contention of Lusk that he was attacked by the deputy for no cause whatever.

Being of the opinion that both counts state a cause of action, we must reverse the ruling of the lower court, and overrule the demurrer to the declaration.

*Ruling reversed.*