OSCAR LANGE, DEFENDANT, v. EUREKA PRINTING WORKS, PROSECUTOR.

Argued October 6, 1931—Decided November 30, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Harley, Cox & Walburg*.

For the defendant, *Feder & Rinzler*.

The opinion of the court was delivered by

TRENCHARD, J.   Oscar Lange was awarded a judgment by the workmen's compensation bureau against Eureka Printing Works as compensation for injury, and the latter, on August 10th, 1931, sued out this writ of *certiorari*.

The employer's sole contention is that "there was no evidence from which it could be legitimately inferred that the petitioner sustained an accident arising out of and in the course of the employment."

We think that contention without merit.

We believe that the evidence before the deputy commissioner established the following matters of fact:

At the time of the accident on May 17th, 1930, and ever since March, 1929, Oscar Lange (hereinafter referred to as "employe") was employed by the Eureka Printing Works (hereinafter referred to as "employer"); his duties were those of night watchman and also to watch and keep in repair the Kier boilers used by the employer at its factory. For the purpose of enabling the employe to properly discharge the duties last mentioned, his employer furnished him with a tool box containing the necessary tools and repair parts. The employe kept this tool box, containing also some of his own personal effects, in a closet which the company maintained in its factory. In the regular discharge of his duties, while the employe was making his rounds on the night of May 17th, 1930, and pursuing his duties as night watchman, he was struck on the back of the head, fell to the floor unconscious and severely wounded and disabled, and the tool chest and tools that were furnished to him by his employer were stolen, together with some of the employe's personal effects which he had put in the box.

The employer admits in its brief that "in view of the fact that the tool box and his personal belongings and money placed there the evening before, were missing, certainly the only logical inference that can be made is that he was struck by an assailant." There is no dispute that such assailant was the thief who stole the box. But the employer argues that "the assault was a personal assault" and hence there could be no recovery.

We think that contention is ill-founded in point of fact.

The fact that the employe was given a tool box and tools with the understanding that they were to remain the property of the employer was, as we see it, clearly established by the evidence.

The evidence on the part of the employe on this phase of the case was voluminous and in part as follows:

"*Q.* Did Mr. Percel [the employer's superintendent] ever say what you were to do about the Kier boiler? *A.* When it leaks I have got to fix it. *Q.* Who took care of the Kier boiler there? *A.* I did. *Q.* And if there was anything wrong you fixed it? *A.* If there was a leak then I fixed it and in the morning if the chain is broke I put bolts and nuts to hold the chain together. *Q.* What did you fix them with? *A.* With wrenches. *Q.* And those wrenches were furnished by whom? *A.* Mr. Gilbert and Mr. McKenna gave it to me. *Q.* Whose wrenches were they? *A.* It was the company's wrenches. *Q.* They didn't belong to you, did they? *A.* No. *Q.* Was there anything else furnished to you by the company? *A.* Yes. Mr. Percel give me the tool box."

We think where, as here, a night watchman, whilst guarding his employer's property, was assaulted and injured by a thief in the course of stealing the employer's property, a finding by the deputy commissioner that the injury was an accident arising out of and in the course of his employment within the meaning of section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 136), was justified, even though the thief, in stealing the employer's property incidentally carried away some of the employe's property.

The case of *Walther* v. *American Paper Co.*, 89 *N. J. L.* 732 (relied upon by the employer), is not in point and not to the contrary. That differs from the present case in the following pertinent particulars. In that case the assailant was a co-employe of the watchman. He knew that the watchman had been paid off that day and would probably have the money in his pocket. The assailant's purpose in going to the mill at night and hiding in it was to rob the watchman and he did not attempt any robbery from the office of the mill, or any destruction of the mill property or any mischief or crime other than the robbery of the watchman. That decision, as was pointed out in *Willner* v. *Katz,* 134 *Atl. Rep.* 611; 4 *N. J. Mis. R.* 811, was in accordance with the well recognized rule that when the attack is aimed at the employe as a per-

sonal matter, or does not appear to be connected in any way with the employment, it is not considered as furnishing a basis for a claim under the statute. The present is not such a case.

It is well settled that the mere fact that an injury is the result of a willful or criminal assault of a third person does not prevent the injury from being accidental within the meaning of the Workmen's Compensation act. *Nevich* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *N. J. L.* 228.

Where the asault is of such a character as is incidental to the employment—that is such as is likely to happen because of the very nature of the work performed—it has been held to arise out of and in the course of the employment. *Nevich* v. *Delaware, Lackawanna and Western Railroad Co., supra; Emerick* v. *Slavonian Roman Greek Catholic Union,* 93 *N. J. L.* 282. In the Nevich case two strangers had carried away a short distance a barrel of the employer who directed the employe to recover it, and when he endeavored to do so, they assaulted and injured him. In the Emerick case the employe was a bartender who was shot by customers during a dispute as to the price of liquors sold to them.

The judgment brought up by the writ is affirmed, with costs.