CITY OF NORTH WILDWOOD, PROSECUTOR, v. LORRAINE CIRELLI, BY LAWRENCE J. PONTZLER, HER NEXT FRIEND, DEFENDANT.

Submitted October 6, 1942—Decided January 7, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *T. Millet Hand.*

For the defendant, *Anthony J. Cafiero.*

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up a judgment in the Cape May Common Pleas together with the record in the Workmen's Compensation Bureau leading to a determination, granting an award of compensation, which that judgment affirmed. The petition was filed on behalf of Lorraine Cirelli, the wife of Anthony J. Cirelli, who was an employee of the City of North Wildwood and who died on September 24th, 1940.

We find the salient facts to be: On August 5th, 1940, decedent was in the employ of the City of North Wildwood as a life guard. In accordance with his prescribed duties he was clad in the regulation apparel of the municipal life guards, consisting of trunks and jersey, which left the arms,

shoulders and legs exposed, and he was on duty from nine in the forenoon to five in the afternoon. Between two and three o'clock in the afternoon of that day, so clothed, while sitting in the performance of his duty on the life guard stand, he was bitten on the left forearm by an insect, probably by one of the many greenheaded flies that had been brought in by a west wind and were at the time infesting the beach front. He slapped his arm, contemporaneously remarked that something had stung him and began scratching at a red spot that almost instantly developed. The arm became inflamed and much swollen. Within two days suppuration had reached the point that, upon pressure, pus discharged without incision. Cirelli became worse, suffered from chills and fever, had severe pains in the groin and was taken, on August 23d, to the Atlantic City Hospital. Despite hospitalization and medical treatment he died on September 24th from staphylococcemia, a pus condition which follows the introduction of staphylococcus bacteria into the blood stream. It was the opinion of competent medical witnesses, which we accept as correct, that the point of entry of the staphylococci was the weakened skin tissue at the locus of the insect bite. Death was the result of the insect bite.

The question for determination is, was the insect bite an accident, and, if so, did it arise out of and in the course of the employment?

In *Wiley* v. *Travelers Insurance Co.*, 119 *N. J. L.* 22, the Court of Errors and Appeals considered a case wherein death was caused, as here, by general septicemia due to a pyrogenic infection caused by the entry of bacilli through a skin abrasion; but there the abrasion had been caused by the deliberate act of the decedent in pulling a hair from his nose—done voluntarily against a physician's warning. In that case there was held to be no accident, but the course of the reasoning leads us to conclude that where the puncture is caused without the person's knowledge or forewarning and by a foreign agency not within the person's control the act may properly be deemed an accident. Therefore, we find the insect bite to have been an accident.

It is clear that the accident occurred in the course of the

decedent's employment. We are of the view that it also arose out of the employment. We are not persuaded otherwise by the suggestion that it was only by chance that the insect did not bite someone in the vicinity who was not a life guard or that there were doubtless other insects prepared to inflict themselves upon individuals in the neighborhood regardless of employment. There was, we think, a causal connection between the decedent's employment and the accident. Decedent was held to that spot by his duty; he could not seek shelter. It may be deemed a matter of common knowledge that a life guard at a bathing beach has his station, his point of free observation, from which he is to keep in view persons who are bathing and swimming; he has not the freedom of one not so limited to seek, at will, relief from tormenting insects by a plunge in the waves. The decedent was obliged by the terms of his employment to wear a garb which left his body vulnerable to insect bites. He was not at liberty, immediately the incident occurred, to leave his position to apply a corrective lotion. Thus, by limitation of movement, by required mode of dress and by hours of service the decedent was, because of his employment, exposed to a greater hazard than were members of the general public. *Kauffeld* v. *G. F. Pfund & Sons,* 97 *N. J. L.* 335. His situation was different, in various respects material to the problem, from that of one not hedged about, as he was, by the stress of employment.

We do not understand that an accident, to arise out of an employment, must be such as could not have happened to one not in that employment. *Matthews* v. *Township of Woodbridge,* 14 *N. J. Mis. R.* 143; *affirmed,* 117 *N. J. L.* 146. The bite of an insect may, we think, quite as readily be regarded as a risk incident to the employment of a guard at a bathing beach as the freezing of the fingers or the blowing of dust in the eyes may be regarded as a risk incident to the employment of a policeman. *Campanile* v. *Asbury Park,* 118 *Id.* 480. It is enough that the proofs show that the employment contributed to the injury or death. *Ciocca* v. *National Sugar Refining Co.,* 124 *Id.* 329. In our opinion the proofs herein do so show.

Prosecutor attempts on its brief to argue as one of its points that the Common Pleas Court erred in refusing to remand the case to the Bureau for retrial on newly discovered evidence. Enough to say that no order of the Pleas in that respect appears in the record. The writ is not directed thereto and the matter is not properly before us.

The judgment under review will be affirmed, with costs.