ANTHONY GARGANO, PETITIONER-DEFENDANT, v. ESSEX COUNTY NEWS COMPANY, DEFENDANT-PROSECUTOR.

Submitted October 6, 1942—Decided January 26, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Henry M. Grosman* and *Isidor Kalisch*.

For the defendant, *Xavier Del Negro*.

The opinion of the court was delivered by

DONGES, J.    This writ of *certiorari* brings up a judgment of the Essex County Court of Common Pleas in a workman's compensation case.    The Common Pleas reversed the determination of the bureau and awarded compensation in accordance with the prayer of the petition.    The controversy revolves around the question of whether or not the incident from which the petitioner-defendant's injuries resulted constituted an accident arising out of and in the course of his employment by the prosecutor.

Prosecutor was engaged in the business of distributing newspapers in and about the City of Newark and employed the defendant for that purpose.    On the morning of Sunday, December 1st, 1940, defendant was engaged in his regular activities and at about 2 A. M. left the place of business of the prosecutor to make a collection of money from a news

stand a short distance away. He walked along Halsey Street, and while at a point near the intersection of that street with Hill Street, he was accosted by five men. They threw a coat over his head, beat him and eventually one of them stabbed him in the chest. That a severe lung injury and permanent disability resulted from the stabbing is not denied.

The Bureau held that there was insufficient evidence to show an attempted robbery or that the injuries were sustained in the defense of the prosecutor's property. The Court of Common Pleas held that the evidence was sufficient to sustain a finding of an assault committed with the intent to rob, and further that, whether there was an attempted robbery or not, the incident grew out of his employment and constituted an accident arising out of and in the course of such employment.

We concur in the holding of the Common Pleas and think that the case is controlled by the reasoning of the recent case of *Geltman* v. *Reliable Linen and Supply Co.*, 128 *N. J. L.* 443. There the workman was driving his automobile in and about his master's business when he became involved in an altercation with the driver of another car about the manner of their driving. A threat of assault by the other driver induced a heart attack in the workman which resulted in his death. The Court of Errors and Appeals reversed the judgment of this court and held that there had been a compensable accident.

We think that in the instant case there can be no question that the incident arose in the course of the employment. There is no dispute that at the time it occurred he was on a mission directly connected with the employment, the collection of money due for the sale of newspapers, and that there had been no deviation therefrom.

We think likewise that it arose out of the employment. As was said in the Geltman case, *supra* (at *p.* 446):

"An accident arises out of the employment if it ensues from a risk reasonably incident thereto. To take this classification, the accident must in some sense be due to the employment. The legislative purpose was to provide for the hazard of accident within the scope of the employee's work. A risk is inci-

dental to the employment when it belongs to or is connected with what the workman has to do in fulfilling his contract of service. And such a risk may be either an ordinary one, directly connected with the employment, or one extraordinary in character, indirectly connected therewith because of its special nature."

And further:

"If the danger was one to which the employee was exposed because of the nature of his employment, the accident arose out of the employment. It is in this category if there be a causal relation between the injury and the conditions under which the work is required to be done. The service is then a contributing proximate cause; the injury is traceable to a hazard of the employment. It need not have been foreseen or expected; it suffices if the injury flowed as a rational consequence from a risk connected with the employment."

Tested by this standard, we think the defendant suffered an accident arising out of his employment. The nature of his employment caused him to be walking on foot through a lonely street at a late hour. The evidence is clear that his assaulters were the aggressors whether their motive was to commit a robbery or not. It may very well be that the men who attacked him knew the type of his employment and knew or suspected that he made collections of money. Whether that be so or not, we think the risk grew out of the character of the employment in that his employment required him to be where he was at that hour of the night under the conditions then existing at that place. The danger was one to which he was exposed because of the nature of his employment.

The judgment under review is affirmed, with costs.