The decedent, Thomas G. Cole, while employed as a watchman by the appellant, I. Lewis Cigar Manufacturing Company, was murdered and his widow duly filed her petition for compensation. The Workmen's Compensation Bureau dismissed her petition, the dismissal was reversed by the Essex County Court [63 A.2d 293 (1948)], and the present appeal is from the resulting judgment in favor of the petitioner-respondent.
The appellant's plant is a large factory located at Morris Street and Twelfth Avenue in Newark. On February 6, 1947, the decedent was engaged at the plant in the performance of his duties as watchman, having started work at approximately 3 P.M. and being scheduled for relief at 11 P.M. Mr. Kreis, another employee who had worked that evening at the plant, testified that the decedent let him out of the building at 7:41 P.M. and that so far as he knew the decedent was then the only person left in the building.
At 10:30 P.M. the relief watchman sought to gain admittance but received no response. At 10:40 P.M. he saw an unknown colored person run away from the building. He continued knocking on the door until 10:55 P.M. at which time he notified the police. At 11 P.M. he and the police *Page 159 
forcibly entered the building and found the decedent sitting in a chair. It was stipulated that the decedent had received a blow on the head and that the cause of his death, several days later, "as stated in the death certificate was homicide by assault, compound comminuted fracture of the skull, laceration and hemorrhage in the brain." It was further stipulated that the decedent had made a statement to the police that while he was making his tour of inspection he was struck on the head with an iron instrument by some unknown colored man or men, that his wallet containing his pay in the sum of $56 which he had received earlier that day was stolen, that his hands and feet were tied and that, later, "when he came to," he walked upstairs and sat on the chair where his relief watchman and the police found him. A pinch bar which ordinarily hung on the wall was found on the floor near the decedent but the testimony indicated that nothing else had been disturbed or taken from the plant. The decedent's widow testified that so far as she knew her husband had no personal enemies who would have committed the assault. An alleged confession of the murder by a person who was thereafter committed to the New Jersey State Hospital as a dementia praecox, catatonic type, was, upon objection by the appellant, not received in evidence, has not been placed before us, and has not received any consideration.
It is not disputed that, within the contemplation of the Workmen's Compensation Act, the murder of the decedent was an accident arising in the course of his employment. The appellant, citing Walther v. American Paper Co., 89 N.J.L. 732 (E. A. 1916), contends, however, that the petitioner did not carry the burden of establishing that the accident arose "out of" the employment because, under the evidence, the assault might have been committed in the course of a robbery aimed personally at the watchman as distinguished from a robbery of his employer's plant.
In Giracelli v. Franklin Cleaners Dyers, Inc., 132 N.J.L. 590
(Sup. Ct. 1945), the court, in sustaining an award in favor of a young lady employed in the company's cleaning and dying store, who had been raped by a customer, distinguished *Page 160 
the Walther case as involving a personal attack by a "fellow employee." In the recent case of Sanders v. Jarka Corp.,1 N.J. 36, 61 A.2d 641 (Sup. Ct. 1948), the court indicated full approval of the doctrine of the Giracelli case that where the danger to which the employee is exposed is due to the nature of the employment the resulting accident may be deemed to arise out of the employment.
It seems to us that the decedent's employment was such that it placed him in evident danger of attack. He was alone at night in a large factory which had no burglar alarm system or similar protective device. He had been given his pay in cash without opportunity of leaving the plant until relieved at a late hour. His work, as watchman, involved the making of regular rounds, thus affording opportunity to would-be intruders to observe his movements and attack from behind. We believe that his danger was more apparent than that presented in the Giracelli case and that the award in his widow's favor might well be sustained even if the evidence pointed to the belief that the assailant sought merely to rob the decedent and had no intention of robbing the plant. See 6 Schneider, Workmen's Compensation Text, p. 233 (3d ed. 1948), and cases there cited.
However, our determination need not rest on the foregoing since we are convinced from the evidence presented that "a probable or a more probable hypothesis with reference to the possibility of other hypotheses" [see Marston v. Curtiss Wright Corp.,1 N.J. Super. 107, 62 A.2d 696 (App. Div. 1948)] is that the assailant was engaged in burglarizing the plant; that in the course thereof he assaulted and robbed the watchman; and that he was frightened away before he could complete his intended activities. The hour and place of the occurrence, the attendant circumstances including the persistent knocking on the door by the relief watchman and his observance of the colored man running away, and the decedent's statement that after he had been brutally attacked by one or more unknown colored men they tied his hands and feet, all point to that conclusion. We find that the decedent was murdered while engaged in protecting his employer's *Page 161 
property, as well as his own, against an unknown assailant seeking to burglarize the plant and that his death was the result of an accident arising out of and in the course of his employment. See Lange v. Eureka Printing Works, 108 N.J.L. 223
(Sup. Ct. 1931); Willner v. Katz, 4 N.J. Misc. 811
(Sup. Ct. 1926); affirmed, 103 N.J.L. 698 (E. A. 1927).
The judgment of the County Court is affirmed.