24 N.J. Super. 129 (1952)
93 A.2d 598
BERNARD W. GARGIULO, AN INFANT, ETC., PLAINTIFF-APPELLANT,
v.
BERNARD S. GARGIULO, ETC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1952.
Decided December 30, 1952.
*130 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. Samuel H. Nelson argued the cause for the appellant (Mr. Sidney C. Swirsky, attorney).
Mr. Thomas J. Brett argued the cause for the respondent (Messrs. O'Brien, Brett & O'Brien, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The appellant was employed at the respondent's butcher shop as a handyman. Late on a summer afternoon, in execution of his duties, he went into the backyard to burn some trash. Hearing a shout "Look out," he turned his head and was struck in the eye by an arrow. A boy who lived nearby had shot the arrow at a tree growing in the yard of the butcher. When he realized that appellant was in a position of danger, he shouted the warning, but too late. The accident necessitated the removal of appellant's eye.
*131 The Workmen's Compensation Division and the County Court on appeal determined that while the accident arose in the course of appellant's employment, it did not arise out of his employment and that he was not entitled to compensation.
In Bryant v. Fissell, 84 N.J.L. 72, 78 (Sup. Ct. 1913), our former Supreme Court said that, "an accident arises out of the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment." Certainly the hazard of injury by bow and arrow is not generally a subject of contemplation by a butcher's helper in the City of Summit. If the court, by the passage quoted, meant to state a rule of exclusion, namely, that an accident is not compensable unless the risk was of a character to be contemplated by a reasonable person, then clearly the rule has long since been abandoned.
Professor Larson, in chapter III of his recent work on Workmen's Compensation Law, divides into three categories the risks that an employee runs:  those directly associated with the employment; those personal to the employee, and those that the author labels "neutral risks." To the first class belongs the great majority of industrial accidents for which compensation is awarded  fingers caught in gears, etc. To the second group belongs the risk that an employee's irate wife may invade the factory and there beat him with a rolling pin. Within this group probably comes Giles v. W.E. Beverage Co., 133 N.J.L. 137 (Sup. Ct. 1945), affirmed 134 N.J.L. 234 (E. & A. 1946), where an employee was shot by two men who entered the store where he worked, killed him without warning, and immediately left. Also, perhaps, Beh v. Breeze Corp., 2 N.J. 279 (1949), where the employee, on his own initiative, invited a hitch hiker into his automobile and was attacked and robbed by him. In such cases, compensation is denied.
It is the third category, the neutral risks, that are the source of greatest difficulty. Compensation, if allowed, is apt to be based on a finding that the risk was incidental to the employment, or that the employment was a contributing *132 cause of the accident, or that, but for the employment, the accident would not have happened, or that it was the employment that put the employee in what proved to be the zone of danger. The following cases might be put in the neutral group. Hall v. Doremus, 114 N.J.L. 47 (Sup. Ct. 1934); farm hand, assisting at the birth of a calf, fainted and fractured his skull. Bollinger v. Wagaraw, etc., Co., 122 N.J.L. 512 (E. & A. 1939); sand found its way into employee's shoes during work, irritated a mole and so eventually led to his death. Geltman v. Reliable, etc., Co., 128 N.J.L. 443 (E. & A. 1942); salesman, driving automobile, had an altercation with the occupants of another car; the excitement brought on a heart attack and death. North Wildwood v. Cirelli, 129 N.J.L. 302 (Sup. Ct. 1943), affirmed 131 N.J.L. 162 (E. & A. 1944); lifeguard at bathing beach, bitten by insect. Gargano v. Essex County News Co., 129 N.J.L. 369 (Sup. Ct. 1943), affirmed 130 N.J.L. 559 (E. & A. 1943); employee walking along the street at night was set upon by a group of men. "His employment required him to be where he was at that hour of the night under the conditions then existing at that place." Giracelli v. Franklin Cleaners, 132 N.J.L. 590 (Sup. Ct. 1945); sales clerk alone in store, raped by customer. Mixon v. Kalman, 133 N.J.L. 113 (E. & A. 1945); death by lightning. Grant v. Grant Casket Co., 137 N.J.L. 463 (Sup. Ct. 1948), affirmed 2 N.J. 15 (1949); employee assaulted by labor union officer. Sanders v. Jarka Corp., 1 N.J. 36 (1948); truck driver assaulted by driver of another truck after a collision. Cole v. I. Lewis Cigar Co., 3 N.J. Super. 157 (App. Div. 1949); affirmed 3 N.J. 9 (1949); night watchman attacked and robbed by an insane intruder.
In all these cases, compensation was allowed. We think that they govern the appeal before us and that the court below erred in denying compensation. But for the employment, the appellant would not have been in the backyard, and in the path of the arrow. The employment was one of *133 the contributing causes without which the accident would not have happened.
Judgment reversed.