ANNIE GROTSKY, DEFENDANT-APPELLANT, v. CHARLES GROTSKY, INC., PROSECUTOR-RESPONDENT.

Submitted February 16, 1940—Decided April 25, 1940.

For the appellant, *James A. Hamill* (*Paul J. Duffy,* of counsel).

For the respondent, *Henry M. Grosman.*

PER CURIAM.

Whether or not the mishap which befell the deceased employe arose out of and in the course of his employment was a mixed question of law and fact. The evidence presented an issue of fact; and the Supreme Court, in an opinion by Mr. Justice Case, resolved the question in the negative. It was found "as a fact that the decedent was at the time of the accident on his way home and that he was not in the act of going to his brother's house either to deliver the store keys or for any other purpose." And it is fundamental in our appellate procedure that findings of fact on conflicting evidence, or on uncontroverted evidence reasonably susceptible of divergent inferences, are not reviewable on error.

But appellant maintains that, even so, the accident occurred while the deceased "was engaged in a special errand for his employer—to deliver the customer's suit;" that he "was injured by an automobile on his way home after delivering a suit of clothes to his employer's customer;" and that his "errand" would not have ended until he reached "his doorstep." The principle declared in *Traynor* v. *City of Buffalo,* 208 *App. Div.* 216; 203 *N. Y. S.* 590, and *Gibbs* v. *R. H. Macy & Co., Inc.,* 212 *N. Y. S.* 428; *affirmed,* 242 *N. Y.* 551, is deemed to be applicable.

There is no occasion to consider this question. It was not raised below; and, under a well-settled procedural rule, it

cannot be raised here for the first time. This is not a mere technical deficiency, for the applicability of this principle depends upon the scope of the contract of service. This case was tried and reviewed upon the theory that, at the time he sustained the fatal injury, the deceased was on his way to deliver the store keys to the president of the corporation, and therefore was engaged in the master's service so as to bring the accident within the Compensation act.

The judgment is accordingly affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—None.