RUTH M. GILES, INDIVIDUALLY AND JUNE GILES, BY
RUTH GILES, HER NEXT FRIEND, PETITIONERS-
RESPONDENTS, v. W. E. BEVERAGE CORP., RESPOND-
ENT-PROSECUTOR.

Argued May 2, 1945—Decided July 17, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutor, *Kalisch & Kalisch* (*Isidor Kalisch,* of counsel).

For the respondents, *Abram A. Lebson.*

The opinion of the court was delivered by

PERSKIE. J. This is a workmen's compensation case. *R. S.* 34:15–7, *et seq.* Concededly, the fatal shooting of David H. Giles, employed by prosecutor, was, in the circumstances of this case, the result of an "accident" within the meaning of our Workmen's Compensation Act, *supra,* which arose "in the course of his employment." The question for decision is whether respondents carried their burden of establishing, by a "preponderance of (the) probabilities according to the experience of mankind," that the "accident" was one which also arose "out of" the employment. *Cf. Gilbert* v. *Gilbert Machine Works, Inc.,* 122 *N. J. L.* 533; 6 *Atl. Rep.* (2*d*) 213; *Kramerman* v. *Simon,* 131 *N. J. L.* 250; 36 *Atl. Rep.* (2*d*) 132.

In the Bureau the question was answered in the negative and petitioners' (respondents here) claim petition was dismissed accordingly.

In the Bergen County Court of Common Pleas, the question was answered in the affirmative. The judgment of the Bureau was reversed and petitioners, Ruth M. Giles, wife of David H. Giles, and June Giles, their infant child, were adjudged to be entitled to their asserted claim to compensation. To review the adjudication of the Pleas, prosecutor was allowed a writ of *certiorari*.

Our independent review of the facts and law (*Stetser* v. *American Stores Co.*, 124 *N. J. L.* 228; 11 *Atl. Rep.* (*2d*) 51; *Calicchio* v. *Jersey City Stock Yards Co.*, 125 *N. J. L.* 112, 118; 14 *Atl. Rep.* (*2d*) 465) leads us to the conclusion that the judgment in the Bureau was correct.

The pertinent facts leading up to and including the shooting of Giles are free from substantial dispute. Prosecutor, W. E. Beverage Corp., a corporation of New Jersey, respondent below, operates a package goods store for the sale of wine, liquor, beer, &c., at 107 William Street, Englewood, New Jersey. The locale is on the border of the city and is characterized as the "Texas" section of that city. Giles had been employed by prosecutor as manager of its store for about four years at the wage of $100 a week. As manager, he was obliged, among his many duties, to check and account for the receipts at the close of each business day and arrange for the safe keeping of the moneys.

On October 29th, 1942, about 11:45 P. M., just about when there is a change in the shifts of the policemen patrolling the beat on which the store is located, and while Giles was in the process of checking the receipts for the day, two undisguised white men entered the store and immediately, without saying a word, began firing their pistols at Giles. Two bullets entered through the back of his head and four through his body. He died instantly. Edward Hampton, one of the two young men employed in the store, was struck by a bullet apparently aimed at Giles, while Edward was trying to escape. He died about two weeks later. The assailants made no attempt at robbery. The cash in the cash register and the cash scattered

on the floor about and under the body of Giles, totaling between $200 and $300, tallied with the cash receipts as disclosed by the cash register for the day. The sum of $1,000 on the body of Giles was not taken. No part of the stock in the store, valued between $20,000 and $25,000, was taken. There is no proof that the assailants were frightened away.

Immediately after the shooting the assailants quickly departed the premises and were heard to drive away in an automobile. Their identity is not known nor have they, as yet, been apprehended. Thus we have a most unfortunate killing of an employee by unknown assailants for no known motive.

1. Do such proofs, without more, satisfy petitioners' burden of establishing, within the stated and determinative judicial rule, that Giles' death was the result of an accident arising "out of" his employment? This court in comparable circumstances has answered the posed question in the negative. *Walther* v. *American Paper Co.*, 89 *N. J. L.* 732; 99 *Atl. Rep.* 263 (a workman killed and robbed by a fellow employee); *Schmoll* v. *Weisbrod & Hess Brewing Co.*, 89 *N. J. L.* 150; 97 *Atl. Rep.* 723 (driver delivering beer shot and killed by unknown assailant). In light of respondents' criticism that the holding in the Schmoll case was not when decided, and is not now, the correct applicable law of the state, we mark the fact, at this point, that it has been cited with approval in *Foley* v. *Home Rubber Co.*, 89 *N. J. L.* 474, 477; 99 *Atl. Rep.* 624; *affirmed*, 91 *N. J. L.* 323; 102 *Atl. Rep.* 1053, and in *Staubach* v. *Cities Service Oil Co.*, 126 *N. J. L.* 479, 483; 19 *Atl. Rep.* (2d) 882; *Coco* v. *Wilbur*, 104 *N. J. L.* 275; 140 *Atl. Rep.* 790 (cranberry picker shot by some unknown assailant); *Nardone* v. *Public Service, &c., Co.*, 113 *N. J. L.* 540; 174 *Atl. Rep.* 745 (a furnace attendant found dead near coal pile without proof as to cause of death); and *Armstrong* v. *Union County Trust Co.* (deceased employee found on the basement floor with a cracked skull), 14 *N. J. Mis. R.* 648; 186 *Atl. Rep.* 522; affirmed in 117 *N. J. L.* 423; 189 *Atl. Rep.* 138, on the opinion of the Supreme Court which rested its judgment on the authority of the Nardone case. The holding in these cases demonstrates the rudimentary principle that a judgment

in a workmen's compensation case, not unlike the judgment in any other judicial or *quasi*-judicial proceeding, cannot be made to rest on conjecture, guess or speculation. The judgment must be supported by legal evidence, direct, circumstantial or presumptive, establishing the asserted claim to compensation. *Nardone* v. *Public Service, &c., Co., supra* (at *p.* 550.) Proof of the shooting of Giles by unknown assailants, for no known reason or motive, without more, fails to establish the statutory requirement that the accident arose "out of" the employment. It shall serve no purpose to restate the judicial construction given many times to the statutory phrase of an accident arising "out of" the employment. See *Bryant* v. *Fissell,* 84 *N. J. L.* 72, 78, 79; 86 *Atl. Rep.* 458; *Terlecki* v. *Strauss,* 85 *N. J. L.* 454; 89 *Atl. Rep.* 1023; *affirmed,* 86 *N. J. L.* 708; 92 *Atl. Rep.* 1087; *Nardone* v. *Public Service, &c., Co., supra* (at *p.* 544); *Belyus* v. *Wilkinson, Gaddis & Co.,* 115 *N. J. L.* 43, 47; 178 *Atl. Rep.* 181; *affirmed,* 116 *N. J. L.* 92, 182 *Atl. Rep.* 873; *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *N. J. L.* 512, 520; 6 *Atl. Rep.* (2d) 396; *Geltman* v. *Reliable Linen and Supply Co.,* 128 *N. J. L.* 443; 25 *Atl. Rep.* (2d) 894; *Gargano* v. *Essex County News Co.,* 129 *N. J. L.* 369; 29 *Atl. Rep.* (2d) 579; *affirmed,* 130 *N. J. L.* 559; 33 *Atl. Rep.* (2d) 905; *Giracelli* v. *Franklin Cleaners and Dyers, Inc.,* 132 *N. J. L.* 590; 42 *Atl. Rep.* (2d) 3.

2. In support of their claim, respondents invoke the familiar principle of law that if an employee is found dead and there is no evidence to show how he met his death, the court will presume that it was a death arising out of and in the course of the employment, provided the body is found under circumstances reasonably connected with the said employment. *Irons* v. *Hause Washed Gravel and Sand Co.,* 6 *N. J. Mis. R.* 863, 864; *DeFazio* v. *Goldschmidt Detinning Co.,* 87 *N. J. L.* 317; 95 *Atl. Rep.* 549; *Muzik* v. *Erie Railroad Co.,* 85 *N. J. L.* 129; 89 *Atl. Rep.* 248; *affirmed,* 86 *N. J. L.* 695; 92 *Atl. Rep.* 1087. These and other cases invoking the stated principle are cited and analyzed in *Nardone* v. *Public Service, .&c., Co., supra.* The principle has no application in the case at bar. For here there is no lack of evidence as

to how Giles suffered death. The evidence on this score is undisputed.

3. Do the legal proofs satisfy the first stated required standards that the shooting of Giles arose "out of" his employment either (a) because the character of the neighborhood, as to violations of the criminal law therein, exposed Giles to a greater risk or hazard because of the nature of his employment? *Cf. Belyus* v. *Wilkinson, Gaddis & Co., supra.* Or (b) was the employment a contributing cause without which the accident which actually happened would not have happened? *Cf. Geltman* v. *Reliable Linen and Supply Co., supra* (at *p.* 448).

(a) In the Bureau both questions were answered in the negative. In the Pleas they were answered in the affirmative. In the light of these answers, the Pleas then concluded that the facts in the instant case seemed to be similar to those in the case of *Gargano* v. *Essex County News Co., supra,* and thus the holding in that case controlled the determination of the instant case. Our independent appraisal of the proofs for the respective parties leads us to the same result which was reached in the Bureau where the trier of the facts has the many advantages of personal observation of the witnesses, their demeanor, manner of testifying, &c., to the end of determining the probative value and weight of their testimony as against the trier of the facts in an appellate proceeding who is limited to the cold typed or printed record. *Cf. Gilbert* v. *Gilbert Machine Works, Inc., supra* (at *pp.* 538, 539).

The store in question is a "definitely known liquor establishment in the community" and has been operated as such for a "number of years," "quite a while." Neither the manner of its operation nor the personnel of its operators (twenty-six of the thirty shares of prosecutor company are owned by two members of the same family) are in question. The store, well lighted inside and outside, is located in "a workmen's neighborhood." Neither the color of those living in that neighborhood nor their respective percentages has any place in the case.

Proof for respondents, denied by prosecutor, are most general and vague in character; they lack persuasion. There is

no proper evidence to fix the area of the "neighborhood" in question, to show the ratio of crime with relation to the population of the "neighborhood" as compared with like populated neighborhoods, or to indicate the nature of the two other homicide cases which had occurred in that "neighborhood" during the past decade. There is no basis in the proofs for the condemnation of the people of an entire neighborhood.

(b) Nor is there a scintilla of proof that but for his employment the shooting of Giles which did happen, would not have happened.

The Geltman, Gargano and Giracelli cases are clearly distinguishable. In the Geltman case, as in the Gargano case, there was invoked the risk or hazard to the employee incident to his use of the highway in the pursuit of his employer's business. This is not such a case. Here, as already observed, there is no proof to indicate that the shooting of Giles was in anywise related to his employment. In the Giracelli case the criminal assault upon the female clerk, who was alone in charge of the store, was admittedly made upon her not only while in the performance of her duties to her employer but under prevailing conditions and circumstances which exposed her to the attack made upon her. There was a preponderance of the probabilities according to the experience of mankind that the accident "arose out" of the employment. Not so in the case at bar.

4. We fail to see how the information in the respondents' brief to the effect that prosecutor paid an award made in the case of Edward Hampton, without appeal, has any place or relevancy in the instant case.

5. Liberal construction is no substitute for necessary proof to establish the claim to compensation. Nor does it "operate to distort proofs or make the facts other than they are." *Grotsky* v. *Charles Grotsky, Inc.*, 121 *N. J. L.* 461, 465; 3 *Atl. Rep.* (2d) 149; *affirmed,* 124 *N. J. L.* 572; 12 *Atl. Rep.* (2d) 856.

The judgment of the Bergen County Court of Common Pleas is reversed and the judgment in the Bureau is affirmed. No costs are allowed.