RALPH SANDERS, PETITIONER-APPELLANT, v. JARKA CORP. AND LIBERTY MUTUAL INSURANCE CO., RESPONDENTS-RESPONDENTS.

Argued September 27, 1948—Decided October 25, 1948.

*Mr. Harry Krieger* argued the cause for petitioner-appellant.

*Mr. John W. Taylor* argued the cause for respondents-respondents.

The opinion of the court was delivered by

WACHENFELD, J. The petition here in a Workmen's Compensation case was dismissed by the Bureau. The dismissal was sustained by the Common Pleas and the former Supreme Court. The facts are not disputed and the sole issue is whether the court below erred in its conclusion that the accident did not arise out of appellant's employment.

On July 27, 1944 Sanders was employed as a maintenance mechanic by the Jarka Company, a stevedoring concern oper-

ating in Port Newark, New Jersey. While backing up one of the corporation trucks, he struck a coal truck belonging to the U. S. Government and operated by one of its civilian employees. Acting pursuant to specific instructions of his employer, Sanders went to the other vehicle to obtain its registration and the driver's license number. He had given his own and was taking down the number of the coal truck when someone identified only as "Willie," who presumably was a helper on the Government truck, called down to the appellant demanding to know why he wanted the number of the coal truck since he had backed into them. Appellant ignored him but Willie leaped from the truck and repeated his question. Appellant replied "it was orders" and that he was instructed to do so in case of accident. Willie then began to curse Sanders, who admits making an offensive reply, and "profanity passed back and forth." Thereupon Rice, appellant's boss, intervened and said, "Let's forget it. Let's go." Sanders immediately heeded his advice and returned to the truck and seated himself next to Rice in the cab, at the same time discarding a stick which some-one had thrust in his hands. Just as Rice started the truck, Willie picked up a Coca Cola bottle, opened the truck door next to appellant and seized him by the foot. Despite Rice's attempt to hold appellant in the cab, Willie yanked Sanders out and smashed him over the head with the bottle, causing substantial temporary and permanent injuries.

The facts, which are not in dispute, admittedly establish an "accident" arising "in the course of " employment. The sole question in controversy is whether the accident arose "out of" employment as required by *R. S.* 34:15–7 *et seq.*

An accident arises "out of" employment when it in some manner is due to a risk reasonably incident to the employment. It was clearly defined in *Bryant, Admx., v. Fissell,* 84 *N. J. L.* 72 *(Sup. Ct.* 1913*)*:

"We conclude, therefore, that an accident arises 'out of' the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it. * * *

"A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. * * *

"And a risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment."

In asking for the license number of the other truck driver Sanders was acting pursuant to his express duties of employment. His action in this regard was an integral part of what subsequently happened. This case does not fall within the rule holding that an assault committed by an unknown assailant for no apparent reason cannot be considered incidental to employment and therefore not arising out of employment. *Schmoll v. Weisbrod & Hess Brewing Co.*, 89 *N. J. L.* 150 *(Sup. Ct.* 1916); *Giles v. W. E. Beverage Corp.*, 133 *N. J. L.* 137 *(Sup. Ct.* 1945), aff'd 134 *N. J. L.* 234 *(E. & A.* 1946); *Bobertz v. Board of Education of Hillside Twp.*, 135 *N. J. L.* 555 *(E. & A.* 1947).

, The instant case parallels closely the situation encountered in *Geltman v. Reliable Linen & Supply Co.*, 128 *N. J. L.* 443 *(E. & A.* 1942) where the court in an unanimous reversal reasoned:

"The peril was one inseparable from the line of duty. The danger was one to which the employee was exposed because of the nature of his duties. The accident was not the consequent of a purely personal quarrel unrelated to the employment. * * *

"It suffices to say that the particular hazard was an incident of the service. There existed the requisite causal connection between the assault and the conditions attending the transaction of the employer's business. Hot-tempered controversies respecting the management of motor vehicles on our busy thoroughfares are not at all uncommon. What happened was an accident directly attributable to a risk of the highway to which the employment exposed the victim; and it was therefore related to the employment in the statutory conception."

As stated therein, the injuries need not have been foreseen but it suffices if they flowed as a rational consequence from a risk connected with the employment.

Employment as a cause of the injuries sustained has been emphasized as the basis for recovery. Considering an attack upon a female employee of a dry cleaning establishment, the court in *Giracelli v. Franklin Cleaners & Dyers, Inc.*, 132 *N. J. L.* 590 *(Sup. Ct.* 1945), allowed recovery:

"And a consideration of human behavior as we find it impels us to think that the experience visited on the petitioner in this case was a risk, attaching to the employment. \* \* \* But for the conditions surrounding the petitioner's employment the accident would not have happened."

 If the employment is a contributing cause to the accident, the statutory requirement is met. In *Newcomb v. Albertson*, 85 *N. J. L.* 435 *(Sup. Ct.* 1914*)*, the court in attempting to clarify the situation said:

"It is better, however, to put the matter in the plain English used by Lord Loreburn in his judgment in the House of Lords in a case arising under the English statute. *Clover, Clayton & Co., Limited, v. Hughes* (1910), *A. C.* 242. He says: 'It seems to me enough if it appears that the employment is one of the contributing causes without which the accident which actually happened would not have happened, and if the accident is one of the contributing causes without which the injury which actually followed would not have followed.' "

The employment need not be the sole or proximate cause of the injury; it is sufficient if it is a necessary factor leading to the accident. The court in *Terlecki v. Strauss*, 85 *N. J. L.* 454 *(Sup. Ct.* 1914*)*, expressed the rule in these words:

"The employment was not indeed the proximate cause of the accident, but it was a cause in the sense that but for the employment the accident would not have happened. The employment was one of the necessary antecedents to the accident."

An analysis of the facts demonstrates quite convincingly that without the collision of the trucks there would not have been an inquiry for the license number, and but for the inquiry there would not have been an exchange of words, and without the exchange of words there would not have been an assault. The employment that occasioned the collision and the instructions that brought about the request for the license number were necessary antecedents and contributing factors of the assault which subsequently occurred.

 It is regrettably true that truck drivers involved in unexpected accidents many times become engaged in spontaneous arguments frequently punctuated with terse, impious phrases more descriptive than literal. That alone does not, however cause the employee to forfeit the protection of the Workmen's Compensation Act provided he is not the aggressor,

*Merkel v. T. A. Gillespie Co., Inc.,* 10 *N. J. Misc.* 1081 *(Sup. Ct.* 1932*)* or that the incident is not separate and apart from the original employment. To hold that the conduct of the claimant under the circumstances described *sub judice* bars recovery would be demanding a standard of conduct not within the scope of the Compensation Act. The legislation was not intended to be so limited; it is to be construed liberally to alleviate consequences of personal injuries caused by employment and to effect a measure of economic security for the workman so injured and to place the burden thereof upon industry. *Hall v. Doremus,* 114 *N. J. L.* 47 *(Sup. Ct.* 1934*)*.

■ We find that the employment was the basis of a series of reactions culminating in the assault. As such, the resulting injuries are compensable since all the events preceding the assault were rational consequences of a risk incurred from the performance of a duty of employment.

In reaching this conclusion we hold there was an error of law in the contrary determination below. *Bryant, Admx., v. Fissell, supra; Hulley v. Moosbrugger,* 88 *N. J. L.* 161 *(E. & A.* 1915*); Geltman v. Reliable Linen & Supply Co., supra.*

The appellant being entitled to compensation, the judgment of the court below is reversed and the cause remanded to the Bureau to determine the amount of the award.

*For reversal:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, and ACKERSON—5.

*For affirmance:* None.