JANE BEH, PROSECUTOR-DEFENDANT, v. BREEZE CORPORATION, RESPONDENT-APPELLANT.

Argued April 25, 1949—Decided May 16, 1949.

*Mr. William J. Weliky* (*Mr. James J. Skeffington,* attorney) argued the cause for the appellant.

*Mr. Thomas J. Brett* (*Messrs. O'Brien, Brett & O'Brien,* attorneys) argued the cause for the prosecutor.

The opinion of the court was delivered by

OLIPHANT, J. This is a workmen's compensation case in which the sole issue is whether prosecutor's decedent died as the result of an accident arising "out of" his employment within the intendment of the Workmen's Compensation Act.

Petitioner's claim was dismissed in the Workmen's Compensation Bureau. The accident having occurred out of the State and the judgment of the Bureau therefore not being reviewable in the Court of Common Pleas, *certiorari* was allowed directly to the former Supreme Court which reversed the judgment of the Bureau. Respondent now appeals from that judgment.

The decedent was employed by respondent as a salesman or traveling sales representative temporarily working out of its Detroit office. He was required to use his own automobile

for traveling for which he was reimbursed on a mileage basis by the respondent.

On December 20, 1945, decedent was driving his car from Chicago, Illinois, to Muskegon, Michigan, for the purpose of keeping a business appointment in the latter city. It was snowing heavily and while en route he stopped his car to pick up one Smith, a hitch-hiker in civilian clothes. They proceeded and near Benton Harbor, decedent stopped at a restaurant for lunch and after the meal took out his wallet to pay the check. Smith noticed that Beh, the decedent, had a "big sum" of money. It was then Smith formed the intent to rob decedent of his money and car. Proceeding in the car after lunch Smith pulled out his gun, told Beh it was a stick-up and to slow the car down. Decedent attempted to resist the robbery and during the struggle was shot and killed. Appellant had neither forbidden deceased to pick up riders nor did the contract of employment require him to give rides to hitch-hikers.

It is conceded the accident arose "in the course of" the employment.

Early in the history of judicial interpretation of the Workmen's Compensation Act it was held "An accident arises 'out of' the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it * * *. A risk is incidental to the employment when it belongs or is connected with what a workman has to do in fulfilling his contract of service." *Bryant v. Fissell*, 84 *N. J. L.* 72 (*Sup. Ct.* 1913); and in *Belyus v. Wilkinson, Gaddis & Co.*, 115 *N. J. L.* 43 (*Sup. Ct.* 1935); affirmed, 116 *N. J. L.* 92 (*E. & A.* 1936), it was said a risk is incidental to the employment when it grows out of or is connected with what a workman has to do in fulfilling his contract of service. A risk may be incidental to the employment when it is an ordinary one directly connected therewith or one indirectly connected with the employment because of its special nature. There must be a causal connection between the condition under which the work is required to be done and the resulting in-

jury. That injury must have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence.

The case of *Sanders v. Jarka Corp.*, 1 *N. J.* 36, 61 *A.* 2d 641 (*Sup. Ct.* 1948), is cited and relied upon by petitioner in support of her contentions. The holding there affords her little comfort for the law is therein set forth that in compensation cases, where injuries are sustained on the highway by an employee in the course of his employment the following tests should be applied to determine whether or not the accident complained of arose "out of" the employment.

Was the employee acting pursuant to the express duties of his employment; was the peril inseparable from his line of duty; did the nature of his duties expose him to the danger; was there the requisite causal connection between the accident and the conditions attending the transaction of the employer's business; was the accident directly attributable to a risk of the highway to which the employment exposed the employee and did the injuries follow as a rational sequence from a risk connected with the employment?

It is clear these tests cannot be met in the case *sub judice*. The picking up of hitch-hikers was not an express duty of Beh's employment nor necessary to its accomplishment; the peril was clearly separable from his line of duty; the nature of his duties did not expose him to the danger except through his own independent act; there was no causal connection between the accident and the conditions attending the transactions of the employer's business. The accident was not directly attributable to a risk of the highway to which the employment exposed Beh as it cannot be said injuries inflicted by an unknown assailant riding as a guest of the driver was an ordinary risk of the highway, and the death of Beh was not a rational sequence from a risk connected with the employment.

The pick-up was purely a charitable incident for the accommodation of the hitch-hiker. It was entirely outside the employment itself and benefited the employer neither directly nor indirectly. The granting of rides to unknown

people seeking them for unknown reasons is not a risk of the highway but a self imposed risk brought about by the motorist himself. It is common knowledge that accommodating hitch-hikers is a source of danger to life, limb and property.

It cannot be gainsaid that the assault upon the deceased would never have occurred but for the invitation extended by him. Such invitation was without the knowledge of the employer or in the contemplation of the parties at the time of the hiring. Nothing that Smith did arose "out of" or because of the employment but solely by reason of Beh's acts entirely disassociated with and not incidental to his employment. Under such circumstances there can be no recovery.

This holding is not in conflict with that line of cases typified by *Gellman v. Reliable Linen & Supply Co.,* 128 *N. J. L.* 443 (*E. & A.* 1942), and *Gargano v. Essex County News Co.,* 129 *N. J. L.* 369 (*E. & A.* 1943). It was therein held the employment was a contributing cause and the risk incidental to that employment. Here those elements are lacking. *Foley v. Home Rubber Co.,* 89 *N. J. L.* 474 (*Sup. Ct.* 1917); affirmed, 91 *N. J. L.* 323 (*E. & A.* 1917), is clearly distinguishable on the facts.

The judgment of the Supreme Court is reversed.

*For reversal*—Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—5.

*For affirmance*—Justice HEHER—1.