MINA SPINDLER, PETITIONER-APPELLANT, v. UNIVERSAL CHAIN CORP., RESPONDENT-RESPONDENT.

Argued December 1, 1952—Decided December 15, 1952.

Mr. *Henry Harris* argued the cause for appellant (*Messrs. Rothbard, Harris & Oxfeld,* attorneys; *Mr. Samuel L. Rothbard,* on the brief).

Mr. *Isidor Kalisch* argued the cause for respondent (*Messrs. Kalisch & Kalisch,* attorneys).

· The opinion of the court was delivered by

WACHENFELD, J. This is the fourth tribunal to consider whether or not the petitioning employee is entitled to compensation for an injury suffered while she was performing her usual duties at her customary place of work.

The inquiry is whether or not the petitioner established by the preponderance of probabilities that she suffered injury by reason of an accident arising out of and in the course of her employment, and the point at issue is primarily factual.

The petitioner was 75 years old at the time of the injury and had been an employee of the respondent for approximately 20 years. She operated a wire spooling machine. On the day in question, soon after commencing her work, she adjusted her machine and turned to replace a wrench on the tool shelf behind her. In so doing, she slipped and fell on the concrete floor, severely injuring her hip.

She filed a claim under the Workmen's Compensation Act and the Bureau awarded her 41 weeks' temporary disability and 60% of total permanent disability, totalling $7,518.17, plus $1,872.50 for hospital and medical costs.

The employer appealed to the Essex County Court, where, after an independent review of the evidence, the award was affirmed.

A further appeal was taken to the Appellate Division, which, in a *per curiam* opinion, reversed the County Court and set aside the award made by the Bureau, adopting the respondent's view that the conclusion of the County Court "was palpably erroneous and likely the product of the influences of sympathy." The matter comes before us on the granting of the employee's petition for certification.

*Rule* 1:2–20(a), as amended June 7, 1951, provides:

"On a review of any cause involving issues of fact not determined by the verdict of a jury, new or amended findings of fact may be made, but due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

This clause insures an open door through which we can at all times and under all circumstances determine whether the judgment below was equitable and just and in accord with the record.

Employing its provisions, by full investigation and analysis of all the evidence, we are called upon to decide which of the two conclusions is consistent with the record, keeping in mind that the Appellate Division, as we, had no opportunity to observe or personally appraise the witnesses, while this recognized advantage was present in the Bureau.

At the hearing before the Workmen's Compensation Bureau, Mrs. Spindler was not certain as to what had caused her fall. The evidence indicated the floor was of concrete with a fairly rough surface, was dry and clean, and did not of itself constitute a precarious footing. She thought she might have slipped on a small piece of wire but this was more of a speculation than a positive statement.

The employer argues her injury probably resulted from dizziness or a fainting spell caused by a physical ailment rather than from any accident arising out of and in the course of her employment. There is, however, no affirmative evidence in the record to support this supposition other than the answer to a hypothetical question asked of a physician produced by the employer.

Mrs. Spindler herself says she was in perfect health at the time and did not then nor had she suffered dizzy spells, and the testimony of her co-employees tends to corroborate this. The company's witnesses testified, in falling, she reached for a chair and was conscious immediately after the fall, thus negativing the idea of her having fainted.

The Workmen's Compensation Act is remedial in nature and is given liberal construction to accomplish the desired legislative ends. *Sampson v. Thornton,* 8 *N. J.* 415 (1952).

"Injury by accident is the language of the statute which must be construed and broadly delineated. Considering the words themselves in their context, it is obvious that they exclude injury by disease *only* as well as injury by design on the part of the petitioner. We have long held the view that an accident is 'an unlooked for mishap or untoward event which is not expected or designed,' or 'an unintended or unexpected occurrence which produces hurt or loss.' *Bryant v. Fissell, supra; Ismay v. Williamson* (1908), *A. C. (Eng.)* 437, *L. J. P. C. N.,* and it is clear that the term 'accident' is used and therefore should be considered in its ordinary, popular and accepted sense and that it need not be due to any extraneous event or occurrence." *Bollinger v. Wagaraw Bldg. Supply Co.,* 122 *N. J. L.* 512 (*E. & A.* 1939).

Where it is claimed the accident was the result of the physical condition of the employee, "the burden of proof is on the employer to show such cause." *Atchison v. Colgate & Co.,* 3 *N. J. Misc.* 451 (*Sup. Ct.* 1925), affirmed 102 *N. J. L.* 425 (*E. & A.* 1925).

An injury suffered during the course of work does not *per se* entitle one to the benefits of the Workmen's Compensation Act; it must also appear that the injury arose out

of the employment. *Seiken v. Todd Dry Dock, Inc.*, 2 *N. J.* 469 (1949). The burden of proof, however, may be sustained by circumstantial evidence; direct evidence is not necessary. "Probability, and not the ultimate degree of certainty is the test." *Jochim v. Montrose Chemical Co.*, 3 *N. J.* 5 (1949). See *Ames v. Sheffield Farms Co.*, 1 *N. J.* 11 (1948). A risk is "incidental to employment" when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. *Beh v. Breeze Corp.*, 2 *N. J.* 279 (1949).

"If the employment is a contributing cause to the accident, the statutory requirement is met \* \* \*. The employment need not be the sole or proximate cause of the injury; it is sufficient if it is a necessary factor leading to the accident." *Sanders v. Jarka Corp.*, 1 *N. J.* 36 (1948).

██ Here the fall resulting in the injury is not disputed. The difference of opinion centers in the cause.

If it was occasioned by or was the result of a disease or physical seizure and was not contributed to by "what the workman had to do," it is not compensable. On the other hand, if the fall "would not have occurred but for the services rendered" in the employment, it is covered by the statute.

We find nothing in the record substantiating the suggestion the fall was caused by disease or infirmity, and by the process of elimination we conclude it was brought about by the employee's turning to replace the instrument she was using to the shelf located behind her, in furtherance of the purpose of her employment. If the turn had not been endeavored, the loss of balance preceding it and the fall would not have occurred.

Whether the petitioner's suppleness and agility of youth had been somewhat diminished by the limitations and uncertainties of age is immaterial; the contention, even if sustained by the evidence, does not of itself defeat the claim. The physical perfection of an employee is not a statutory

prerequisite to qualification under the Workmen's Compensation Act. *Marshall v. C. F. Mueller Co.,* 135 *N. J. L.* 75 (*Sup. Ct.* 1946); *Bernstein Furniture Co. v. Kelly,* 114 *N. J. L.* 500 (*Sup. Ct.* 1935), affirmed 115 *N. J. L.* 500 (*E. & A.* 1935).

The causal nexus between the injury and what the employee was doing in the performance of her routine duties, we think, was proved within the rule here cited.

Our study of the evidence and the record before us, combined with the weight to be accorded the concordant findings of the first two tribunals in which the matter was heard and the due regard to be given to the opportunity of the trial court to judge of the credibility of the witnesses, pursuant to *Rule* 1:2–20(*a*), leads us to the conclusion that the judgment of the Appellate Division should be and is reversed and the judgment of the County Court reinstated and affirmed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice OLIPHANT—1.