FRANK CIERPIAL, PETITIONER-APPELLANT, v. FORD MOTOR COMPANY, RESPONDENT-RESPONDENT.

Argued November 22, 1954—Decided December 6, 1954.

*Mr. Arthur J. Sills* argued the cause for appellant (*Messrs. Wilentz, Goldman, Spitzer & Sills,* attorneys).

*Mr. Verling C. Enteman* argued the cause for respondent (*Messrs. McCarter, English & Studer,* attorneys).

The opinion of the court was delivered by

WACHENFELD, J. There are two fundamental doctrines that are constantly an aid in determining whether workmen's compensation is due in a given cause.

An injury suffered during the course of the work does not *per se* entitle one to the benefits of the Workmen's Compensation Act. It must also appear that the injury arose out of the employment. *Seiken v. Todd Dry Dock, Inc.,* 2 *N. J.* 469 (1949); *Gargiulo v. Gargiulo,* 13 *N. J.* 8 (1953).

A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. *Bryant v. Fissell,* 84 *N. J. L.* 72 (*Sup. Ct.* 1913); *Beh v. Breeze Corp.,* 2 *N. J.* 279 (1949); *Robertson v. Express Container Corp.,* 13 *N. J.* 342 (1953); *Henderson v. Celanese Corp.,* 16 *N. J.* 208 (1954).

A procedural development in the case *sub judice* brings into play another cardinal principle. On a motion for a dismissal at the conclusion of the petitioner's case, the evidence, together with all reasonable inferences deductible therefrom, should be resolved in the petitioner's favor. This concept is so universally recognized in our judicial law as to require no citation to support it.

In the matter presently before us, at the conclusion of the petitioner's case and before any evidence was offered on behalf of the respondent, a motion for judgment of dismissal on the ground that the accident did not arise out of and in the course of employment was granted before the deputy director.

On appeal, the County Court entered a like judgment dismissing the petition on the same ground, to wit, that the

petitioner did not sustain an accident arising out of employment. The Appellate Division found likewise and the judgment was affirmed, but a dissent was filed, providing the necessary foundation under the rules for the matter to be presented to us. *R. R.* 1:2–1(*b*).

The evidence disclosed that the petitioner on April 30, 1952 suffered certain injuries while at work on the assembly line at the respondent's plant. Two other employees, Jack Keen and Felix Darden, were working nearby approximately a foot and a half away. They indulged in a personal conversation relating to a sex equation confined to particular circumstances. Darden was said to be "heckling" Keen. The petitioner told Darden to let Keen alone "because he is behind in his work." Keen's view was that the petitioner's interjection was caused by his wanting Darden "to leave me alone because I had so much work to put out that day."

Darden did not take kindly to the intervention but, employing profanity, told the petitioner off, saying: "* * * Don't tell me to leave this man alone."

On cross-examination, the petitioner was asked: "That is none of your concern, Mr. Cierpial, is it?" to which he answered: "The foreman gave me orders to supervise."

"Q. To supervise them? A. No, to tell them."

This testimony was not refuted as no defense was entered by the respondent.

After the incident there were profane expressions exchanged between the petitioner and Darden and an altercation ensued with demonstrations of physical force, quickly quelled by others, followed by an apparent cessation of hostilities. About two to five minutes after the combatants were separated and while the petitioner was at work, Darden, without warning, struck him from behind on the back of his head with a 12-pound piston, causing the injuries of which he complained.

Keen was new on the job. He was to make up certain stock and to work in cooperation with the petitioner, who would tell him what different colored stock to make up, and

at the time of the "heckling" Keen was in the process of making the stock needed.

The majority opinion in the Appellate Division found the altercation was a personal fight between two employees and was unrelated to employment "or incidental thereto in the performance of his work. * * *" "Cierpial clearly injected himself into the conversation between Darden and Keen and thereafter the offensive epithets were directed by each of them against the other, leading to the shoving incident."

Where the assault is the result of horseplay, *Hulley v. Moosbrugger*, 88 *N. J. L.* 161 (*E. & A.* 1915); *Mountain Ice Co. v. McNeil*, 91 *N. J. L.* 528 (*E. & A.* 1917); or where the assault was actuated by personal causes, *Yoshida v. Nichols*, 12 *N. J. Misc.* 197 (*Sup. Ct.* 1934); *Giles v. W. E. Beverage Co.*, 133 *N. J. L.* 137 (*Sup. Ct.* 1945), affirmed 134 *N. J. L.* 234 (*E. & A.* 1946); or where the injured employee is the aggressor, *Merkel v. T. A. Gillespie Co., Inc.*, 10 *N. J. Misc.* 1081 (*Sup. Ct.* 1932); or where the employee provokes the assault, *Lindsay v. Hoffman Beverage Co.*, 19 *N. J. Misc.* 356 (*Dept. of Labor* 1941), compensation is properly denied.

However, where the employment is a contributing cause to the accident, the statutory requirement is met. The employment need not be the sole or proximate cause of the injury. It is sufficient if it is a necessary factor leading to the accident. *Sanders v. Jarka Corp.*, 1 *N. J.* 36 (1948).

The use of profanity alone does not cause the employee to forfeit the protection of the Workmen's Compensation Act, provided he is not the aggressor or that the incident is not separate and apart from the original employment. *Sanders v. Jarka Corp.*, *supra.*

It is well settled that an assault may be deemed to be an "accident" within the Workmen's Compensation Act despite its willful or criminal nature. *Grant v. Grant Casket Co.*, 137 *N. J. L.* 463 (*Sup. Ct.* 1948), affirmed 2 *N. J.* 15 (1949).

Giving the petitioner the benefit of every reasonable inference to be drawn from the testimony adduced, which we are required to do, our interpretation of the record results in the conclusion that while the petitioner was not a foreman, he had been expressly charged with the duty of general supervision of the work in his immediate vicinity, and we are satisfied there was unrefuted testimony that he injected himself into the argument between Keen and Darden to prevent interruption of or interference with the allotted tasks.

Even apart from the supervisory duties assumed by the petitioner, the intervention of an employee to terminate an altercation between co-employees would normally be of service to the employer within the implied line of duty. It cannot be said *ipso facto* that an intervenor is not in the pursuit of his master's business when he undertakes to pacify warring employees. It may well be that an employee who did not intervene would not be chargeable with a violation of duty to his employer; yet one who does intervene cannot be charged with a cessation of his employment for the time being and a departure from the line of duty if in fact he was seeking to further his employer's interests.

True, thereafter he and Darden departed from rigid standards of urbane decorum in their comments with reference to one another, which, however, as long as he was not the aggressor, did not disqualify the petitioner under the Workmen's Compensation Act, nor does it negate his testimony that he was acting under express supervisory instructions and in furtherance of the respondent's interests was attempting to prevent a disturbance which threatened interference with the work to which they were assigned.

The petitioner's exhortation to Darden to desist from conversing with or annoying Keen because he was behind in his work was the foundation of the subsequent occurrences and the igniting agency to the mental and physical explosions which culminated in the assault and the injury sustained by the petitioner.

His admonition to Darden was "work-connected" and uttered in an endeavor to prevent an interruption of the closely integrated labor of a fellow employee.

"* * * It is universally agreed that if the assault grew out of an argument over the performance of the work, the possession of the tools or equipment used in the work and the like, the assault is compensable." 1 *Larson, Workmen's Compensation Law, p.* 117.

Again from the same author, *sec.* 11, *p.* 109:

"Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work."

The judgment below is reversed and the cause is remanded to the Division of Workmen's Compensation for completion.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice OLIPHANT—1.