SETH LESTER, PLAINTIFF-PETITIONER, v. ELLIOTT BROS. TRUCKING CO., INC., DEFENDANT-RESPONDENT.

Argued May 2, 1955—Decided May 16, 1955.

436

*Mr. Mortimer Wald* argued the cause for the appellant (*Messrs. Mayer and Mayer,* attorneys).

*Mr. Francis H. Pykon* argued the cause for the respondent (*Mr. Henry M. Grosman,* attorney).

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of Judge FRANCIS in the court below.

WACHENFELD, J. (dissenting). The appellant's claim was discredited in the lower tribunals because they found he was not on his employer's premises in connection with his employment.

I come to an opposite conclusion. Regardless of Lester's motive in going to the terminal outside of working hours, he was clearly within the course of his employment when he responded to Helm's direction to "[c]ome in my (Helm's) office and straighten the thing out in there." The manager was endeavoring, in furtherance of his employer's interest, to iron out the difficulties and to eliminate the friction existing between the two employees. This was a work-connected effort.

The ensuing injury was an immediate outgrowth of Helm's attempt to settle the dispute and thus comes within the "course of employment" rule we have already established. *Sanders v. Jarka Corp.*, 1 *N. J.* 36 (1948) ; *Cierpial v. Ford Motor Co.*, 16 *N. J.* 561 (1954).

I would reverse and grant compensation.

Mr. Justice HEHER and Mr. Justice BURLING authorize me to say that they join in this dissent.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, JACOBS and BRENNAN—4.

*For reversal*—Justices HEHER, WACHENFELD and BURLING —3.