71 N.J. Super. 59 (1961)
176 A.2d 290
JOHN R. PAGE, PETITIONER-RESPONDENT,
v.
FEDERATED METALS DIVISION, AMERICAN SMELTING & REFINING CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1961.
Decided December 11, 1961.
*60 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. Harry Steiner argued the cause for appellant (Messrs. Schapira and Farkas, attorneys; Mr. Maurice Schapira, of counsel).
Mr. Jacob L. Balk argued the cause for respondent (Mr. Seymour B. Jacobs, of counsel and on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
The petitioner was granted an award in the Workmen's Compensation Division; the County Court affirmed, and respondent appeals.
The proceeding was brought under the occupational disease sections of the Workmen's Compensation Act, N.J.S.A. 34:15-30 et seq., petitioner claiming that as a result of his employment by respondent he had contracted "lead poisoning."
The central question litigated at every stage of the proceeding has been, and remains: is the petitioner suffering from lead poisoning? This broad, yet crucial issue has been bitterly contested, both sides presenting respectable medical evidence to support the pros and cons of the situation. But, in the welter of medical disputation, certain facts indisputably appear from which the probable existence of lead intoxication of petitioner's system could be concluded: (1) petitioner was exposed to lead in solid and molten form and was exposed to its fumes during the melting process, (2) petitioner's symptomatology was consistent *61 with lead poisoning, and (3) he had ingested lead in some degree as was disclosed by urinalysis.
In finding for petitioner the deputy director placed reliance on the expression in Aromando v. Rubin Bros. Drug Sales Co., 47 N.J. Super. 286, 293 (App. Div. 1957), certif. denied 26 N.J. 244 (1958), that:
"In weighing the petitioner's proofs as against the employer's proofs, there must be thrown into the scales the general tendency of the law to apply the Compensation Act, N.J.S.A. 34:15-1 et seq., in the employee's favor when in doubt."
This observation is frequently made the basis of the argument that in a "close" case, where medical opinion of causal connection between "accident" and "disability" is in sharp and seemingly insolvable dispute, the sufficiency of the evidence in petitioner's favor is weighted by the accepted concept that the statute, being social and remedial legislation, is to be liberally construed in favor of the workman.
Although the highest courts of our State, both present and past, have steadfastly adhered to the liberal construction rule, each has been careful to point out that the rule is not a substitute for legal evidence. See Giles v. W.E. Beverage Corp., 133 N.J.L. 137 (Sup. Ct. 1945), affirmed 134 N.J.L. 234 (E. & A. 1946); Bowen v. Olesky, 37 N.J. Super. 19 (App. Div. 1955), affirmed 20 N.J. 520 (1956). On the contrary, our courts have uniformly held that in a workmen's compensation proceeding the claimant has the burden of proving his case by a preponderance of probabilities. Ciuba v. Irvington Varnish & Insulator Co., 27 N.J. 127, 140 (1958). In this respect his burden is identical with that borne by a plaintiff in any other civil proceeding. Mahoney v. Nitroform Co., 36 N.J. Super. 116, 125 (App. Div. 1955), reversed on other grounds 20 N.J. 499 (1956).
The idea that Aromando, supra, departed from these established rules is untenable. In the first place it was not within the authority of this court, an intermediate appellate *62 tribunal, to impair traditional substantive rights previously defined by the highest courts of our State  as the eminent judges of the court undoubtedly knew. Secondly, although Aromando has since been cited with approval by the Supreme Court, in each instance it has been noted as authority for a principle other than that under discussion. See McClain v. Woodbury Bd. of Education, 30 N.J. 567, 571, 576 (1959). The same is likewise true of subsequent decisions of this court. See Dudley v. Victor Lynn Lines, Inc., 48 N.J. Super. 457 (App. Div. 1958), reversed on other grounds 32 N.J. 479 (1960); Joy v. Florence Pipe Foundry Co., 64 N.J. Super. 13 (App. Div. 1960), certif. denied 34 N.J. 67 (1961).
Lastly, the reach of the quoted portion of Aromando must be considered in the context of the opinion. The court there was dealing with the question of whether petitioner's proofs of a work-induced heart attack overcame the presumption that such attack was the consequence of natural causes, i.e., pre-existing "coronary atheroarteriosclerosis." A careful reading of the opinion makes it entirely clear that the court found that a preponderance of probabilities deriving from both proof and circumstances supported a conclusion of causal connection between employment and injury. It said:
"Prior to this heart attack petitioner had `had no sickness' (as he put it) and no history of a previous cardiac ailment. Then, in the very midst of this unusual emotional incident, he sustains an occlusion. The sequence of events  the immediacy of the attack in relation to the episode of stress  bespeaks a causal connection. Galloway v. Ford Motor Co., 5 N.J. 396, 400 (1950); Fink v. Paterson, 44 N.J. Super. 129, 135 (App. Div. 1957); Roma v. Associated Transport, Inc., 134 N.J.L. 279, 281 (Sup. Ct. 1946). To Dr. Masters this was mere coincidence. But, after speaking of Dr. Masters' opinion on this subject, Justice Heher for the former Supreme Court said in Weisenbach v. New Milford, 134 N.J.L. 506, 509 (1946):
`Mere coincidence is not a permissible deduction in the face of evidence which, according to the teachings of long experience, demonstrates a causal relationship.'
*63 See, too, Snoden v. Watchung Borough, 29 N.J. Super. 41, 53 (App. Div. 1953). affirmed 15 N.J. 376 (1954).
The above cited authorities, allowing recovery where a petitioner has sustained an occlusion, may at least be said to be authoritative, passim, for the view that the circumstances of this case call for our acceptance of petitioner's medical proofs." (Emphasis added) 47 N.J. Super., at page 293.
We think it beyond dispute that Aromando did not turn upon the injection of a principle not countenanced by the established concept of a petitioner's burden of proof. And we take this opportunity to reiterate that the doctrine of liberal construction has to do with the scope of the act, and the coverage provided by it. It has no place in the evaluation of credibility, or of weight or sufficiency of evidence. In short, it applies to the law, not to the evidence. Schneider, Workmen's Compensation (3d ed. 1959), § 2530, p. 296. It does not operate to distort the proofs or make the facts other than as they are, Grotsky v. Charles Grotsky. Inc., 121 N.J.L. 461, 465 (Sup. Ct. 1938), affirmed 124 N.J.L. 572 (E. & A. 1940), and so it may not be made the basis of an award in favor of a petitioner when his proofs do not establish his claim by a preponderance of probabilities.
The County Court expressed doubt that the quoted portion of Aromando was valid as a general statement of law respecting burden of proof, noting, as we have, its apparent conflict with the Ciuba case, supra. The court posited its finding in petitioner's favor on Joy v. Florence Pipe Foundry Co., supra, wherein this court stated:
"While the burden is upon the petitioner to prove the essentials of his claim by a preponderance of the probabilities, Ciuba v. Irvington Varnish & Insulator Co., 27 N.J. 127, 138 (1958), the specific issue of whether the injury was `by accident' is subject to a more balanced allocation of evidentiary responsibility. Spindler v. Universal Claim [Chain] Corp., 11 N.J. 34, 38 (1952). Where expert proof or circumstances warrant an inference that an injury is work-connected, the burden of showing that some other cause, for which the employer is not responsible, produced the injury is upon the *64 respondent. The burden of production, and perhaps even of persuasion, is upon the employer to show that an apparently work-connected injury is the result of the employee's physical condition, for which the employer is not legally responsible. [cases cited]" 64 N.J. Super., at pages 19-20.
We are satisfied that this well-recognized rule is without application to the factual issues in the case at bar. In the Joy case petitioner suffered a cerebral hemorrhage during hours when he was not engaged in the active duties of his employment. Petitioner contended that the episode was the direct result of great stresses and strains inhering in his employment regime, and so was work-connected. Respondent's position was that the stroke was idiopathic in origin and induced by natural causes, or at least by a cause other than the employment. The rule set down in Joy, supra, comes into operation only when respondent, conceding the existence of a disability, asserts that it pre-existed a claimed work-induced accident or was otherwise chargeable to a cause unconnected with the employment. Thus it has no application to the present case. Here the respondent asserts that petitioner is not suffering from lead poisoning. Obviously, in such circumstances respondent cannot be expected to offer proof that what it contends does not exist is due to another cause.
Notwithstanding our disagreement with the legal bases of the adjudications in the Workmen's Compensation Division and the County Court, we are satisfied upon a review of the entire record that petitioner has proved by a preponderance of probabilities that he is suffering from lead poisoning and that this originated in the duties of his employment, and the conditions under which he worked.
We cannot ignore the character of the respondent's manufacturing operation, and petitioner's work duties, in assaying the potentiality of the working conditions to produce the very harm petitioner claims to have suffered. Nor is there reason to disbelieve petitioner's complaints, acknowledged to be consistent with the presence of the disease. *65 And it is of some significance that lead was found in petitioner's urine, even accepting respondent's argument that the lead content was insufficient in amount to permit a diagnosis of lead poisoning. As has been said time and time again, a petitioner's proofs need not have the attributes of certainty  reasonable probability is the test. See Ciuba v. Irvington Varnish & Insulator Co., supra. This philosophy is of particular application when a medical problem is presented, opinions concerning which can only be based upon the degree of medical knowledge available to members of the medical profession at the time the opinions are voiced. Finally, we note that respondent's expert Dr. Robert A. Kehoe, when asked if he was "sure" that petitioner's symptoms were not of lead poisoning, replied that he did not say he was "sure" but had "great doubt of it." While, of course, the element of certainty is not indispensable to the validity of an opinion offered in a respondent's behalf any more than it is as to one presented by a petitioner, lack of certainty serves to underscore the importance of surrounding facts and circumstances as one seeks to resolve a dispute in terms of probability.
Our consideration of the case engenders in our minds a conclusion that it is more probable than not that the petitioner suffers from lead poisoning for which he is entitled to an award under N.J.S.A. 34:15-30 et seq.
Accordingly the judgment is affirmed.