72 N.J. Super. 395 (1962)
178 A.2d 354
GIUSEPPE DE NARDIS, PETITIONER-RESPONDENT,
v.
STEVENS CONSTRUCTION CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 29, 1962.
Decided February 16, 1962.
*396 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Isidor Kalisch filed brief for appellant.
Messrs. Bendit and Weinstock filed brief for respondent (Mr. Thomas E. Weinstock, of counsel).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This is a workmen's compensation case. Petitioner was denied recovery in the Division. However, on appeal to the County Court his claim was held to be compensable. The County Court's opinion is reported in 66 N.J. Super. 304 (1961). The employer now appeals.
Petitioner was employed by respondent as a construction worker. On October 15, 1959, while on the job, he was assaulted by a coworker named Carmen and injured. The assault has the following background. Petitioner and Carmen were working at a construction site where a small room was used by the workers to change their clothes and leave their belongings while working. The clothing and belongings were hung on nails driven into the walls. The room was also used to store some tools. On October 14, 1959 petitioner brought an umbrella to work and left it in the room. Carmen also left his umbrella there. At the end of the workday, as petitioner was leaving to go home, Carmen said that petitioner had taken the wrong umbrella. However, no argument ensued. The next morning when petitioner came to work Carmen again spoke to him about the umbrella but, as petitioner explained it, "I had no time to argue about the umbrella. I say, `I put the men to work and we talk later.' I thought he agreed to me and there was no argument at all." Petitioner started to change his clothes when suddenly Carmen picked up a *397 sledge hammer and struck petitioner in the head and body with it. As a result of the assault petitioner was severely injured. The extent of his disability is not disputed on this appeal.
The sole issue is whether or not petitioner's injuries were the result of an accident arising out of and in the course of his employment.
Appellant contends that the attack was the result of a personal quarrel between petitioner and Carmen and was "disassociated in every respect with any facet of either man's employment."
We do not agree. The assault was by a coemployee; it took place on the job site during working hours; the weapon used was a sledge hammer provided on the job by the employer. The common facilities provided for and used by the workmen for the changing of clothes and the keeping of their personal belongings while on the job were part of the background out of which the assault resulted. It was petitioner's refusal to talk to Carmen about the umbrella at the time, because he had to attend to his work assignment, that apparently triggered the actual attack.
The situation is one of a work-connected assault. Cierpial v. Ford Motor Co., 16 N.J. 561 (1954); Sanders v. Jarka Corp., 1 N.J. 36 (1948); Augelli v. Rolans Credit Clothing Store, 33 N.J. Super. 146 (App. Div. 1954); Larson, Workmen's Compensation Law, § 11.00. Cf. Hartford Accident & Indemnity Co. v. Cardillo, 72 App. D.C. 52, 112 F.2d 11 (D.C. Cir. 1940), cert. denied 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415 (1940).
We hold that petitioner has established by the preponderance of believable evidence that he suffered injuries by reason of an accident arising out of and in the course of his employment.
Affirmed.
PRICE, S.J.A.D. (dissenting).
The uncontradicted proofs in this workmen's compensation case are such as to *398 require me respectfully to register my dissent from the conclusion reached in the majority opinion that the applicable decisional law dictates the affirmance of the County Court's determination in favor of petitioner (DeNardis v. Stevens Construction Co., 66 N.J. Super. 304 (1961)).
The meagre evidence before the Workmen's Compensation Division is set forth adequately in the opinion rendered by my colleagues. As stated therein, the sole issue is whether or not petitioner's injuries were the result of an "accident arising out of and in the course of his employment" by appellant.
It is my conclusion that the proofs demonstrate conclusively that the attack on De Nardis by Carmen was the result of a personal quarrel between them of trivial origin and disassociated from the employment of either.
In finding that the assault was work-connected the majority opinion places reliance in part on the following cases: Cierpial v. Ford Motor Co., 16 N.J. 561 (1954); Sanders v. Jarka Corp., 1 N.J. 36 (1948); Augelli v. Rolans Credit Clothing Store, 33 N.J. Super. 146 (App. Div. 1954).
Each of the cited cases, in my opinion, is factually distinguishable from the instant case and consequently furnishes no support for an award in favor of petitioner. Moreover, I believe that the principles enunciated by decisions in this State, in cases of this type, compel a determination in favor of appellant.
In Cierpial, supra, the finding in favor of petitioner, who had been "expressly charged with the duty of general supervision of the work in his immediate vicinity" (16 N.J., at p. 567), was grounded on the fact that the injuries suffered by him as the result of his intervention in seeking to terminate an altercation between coemployees while at work was an act which "would normally be of service to the employer within the implied line of duty." It was recognized (at p. 568) that petitioner's prior "admonition to Darden [a coemployee] was `work-connected' and uttered in an endeavor to prevent an interruption of the closely *399 integrated labor of a fellow employee." Mr. Justice Wachenfeld's opinion for the court contains the following (at p. 568):
"`* * * It is universally agreed that if the assault grew out of an argument over the performance of the work, the possession of the tools or equipment used in the work and the like, the assault is compensable.' 1 Larson, Workmen's Compensation Law, p. 117.
Again from the same author, sec. 11, p. 109:
`Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work.'"
In Sanders v. Jarka Corp., supra, petitioner (Sanders) was assaulted during an altercation arising out of the operation of his employer's automobile truck. The court, awarding compensation to petitioner, said in its opinion (1 N.J., at p. 40) that "Sanders was acting pursuant to his express duties of employment. His action in this regard was an integral part of what subsequently happened [the assault on him]." In the opinion (at p. 42) the following appears:
"We find that the employment was the basis of a series of reactions culminating in the assault. As such, the resulting injuries are compensable since all the events preceding the assault were rational consequences of a risk incurred from the performance of a duty of employment."
In Augelli v. Rolans Credit Clothing Store, supra, petitioner was assaulted as the result of an altercation which had earlier occurred on a public highway on which he was operating an automobile in his employer's business.
These cases, in my opinion, do not justify an award to petitioner in the case at bar, where he was assaulted as the result of a dispute over the ownership of an umbrella.
The decisions involving consideration of compensation for assaults suffered during the course of employment have been stated by our Supreme Court to fall into three categories, depending upon the "nature of the risk" involved. *400 In Howard v. Harwood's Restaurant Co., 25 N.J. 72 (1957), at p. 84, those categories were listed as: (first) those risks "distinctly associated with the employment"; (second) those risks "causing injury * * * which have been described as `neutral'"; and (third) risks which "have been denominated as those personal to the claimant." Assaults falling into the first and second categories have been held compensable. The third category of risks has been held not to "bear a sufficient causative relation to the employment" and consequently "may not be said to arise out of the employment" (Howard v. Harwood's Restaurant Co., supra, at p. 84). In the last cited case the Supreme Court's opinion states (at p. 84) that Sanders v. Jarka Corp., supra, "may be said to fall within" the first category. I am of the opinion that Cierpial v. Ford Motor Co., supra, and Augelli v. Rolans Credit Clothing Store, supra, likewise fall in that category.
The instant case, in my opinion, does not fall in either the first or second categories above set forth, but clearly is encompassed within the third category "where an employee is attacked during his employment by a person whose motive is that of vengeance stemming from personal contact with the employee," a category, defined in Howard, supra, at pp. 84-85, as one in which "the injury cannot be said to arise out of the employment." In that opinion Mr. Justice Burling (after citing Giles v. W.E. Beverage Co., 133 N.J.L. 137 (Sup. Ct. 1945), affirmed 134 N.J.L. 234 (E. & A. 1946), and Bowen v. Olesky, 20 N.J. 520 (1956)), said (35 N.J., at p. 85) that "In these situations, the employment connection with the injury is minimal"; and "the personal proclivities or contacts of the employee" give "rise to the harm, so that even though the injury takes place during the employment compensation is denied."
In Pittel v. Rubin Bros. Bergen Inc., 59 N.J. Super. 531, 536 (App. Div. 1960), we held that: "When an assault on an employee is solely the product of personal animus against him by the assailant, particularly where the latter *401 is not a fellow-employee, and there is no more connection between the assault and the employment than that it occurs while the employee is at work, recovery is not allowed. * * * In such a situation the risk cannot be said to be `reasonably incident' to the employment and therefore the accident does not arise out of it. * * *"
The County Court in the instant case sought to distinguish Pittel, supra, on the facts by stressing that here the assault was "by a co-worker driven by some irrational force * * *." The distinction, I believe, is unwarranted because the mere fact that Carmen was a "co-worker" is not dispositive of the issue and no evidence of Carmen's irrationality can be found in the record. Carried to its logical conclusion, a similar characterization could be ascribed to any assault arising out of an inconsequential disagreement. I feel that there is no justification for concluding that Carmen was "motivated by a delusional impulse," thus bringing the instant case within the "neutral" risk category. Howard, supra, 25 N.J., at p. 86.
Our decisional law in this field has continually emphasized the nature of the dispute and its relationship to the employment as the criteria for an award. In the case at bar no compensation should be awarded merely because the sledge hammer belonged to the employer; or because petitioner and Carmen (coemployees) were, at the time of the assault, in a room on the employer's premises where customarily they changed their work clothes; or because of petitioner's comment to Carmen and the former's explanation thereof (as quoted in the majority opinion): "I had no time to argue about the umbrella. I say, `I put the men to work and we talk later.'" The dispute in the instant case arose out of a purely personal altercation with reference to the ownership of an umbrella  a chattel completely foreign to the master's business.
I vote to reverse the judgment of the County Court and reinstate the judgment of dismissal in the Division.