ANGELICA SALDANA, PETITIONER–APPELLANT, v. ESSEX
COUNTY DIVISION OF WELFARE,
RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 29, 1987—Decided November 16, 1987.

1

2

Before Judges DEIGHAN and LANDAU.

*Michaelene Loughlin,* argued the cause for appellant (*Essex–Newark Legal Services,* attorneys; *Michaelene Loughlin,* on the brief).

*Dennis J. Conklin,* Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *Dennis J. Conklin,* on the brief).

LANDAU, J.A.D.

This is an appeal by Angelica Saldana (Saldana) a recipient of benefits under the Aid to Families With Dependent Children (AFDC), from the refusal of the Director of the Division of

Public Welfare to reconsider and remand the denial of AFDC and related benefits.

Saldana's initial application for benefits was filed July 11, 1985, and denied on August 7, 1985 by the Essex County Welfare Board.

Following an appeal and hearing before an Administrative Law Judge pursuant to *N.J.S.A.* 52:14D-1 *et seq.* the ALJ recommended that the denial of benefits be affirmed. Saldana filed an exception which specifically requested a remand and reconsideration or reversal, because of her retroactive disqualification from unemployment benefits. The decision of the Administrative Law Judge was adopted by the Director of the Division of Public Welfare, without taking action to remand or reconsider, but noting Saldana's right to reapply for benefits on the ground of changed circumstances.

The only issues raised on appeal concern the effect of "newly discovered evidence" upon the outcome of the proceeding. As Saldana correctly argues, justice may require reconsideration of an earlier decision where newly discovered evidence would probably change the outcome if a new proceeding was ordered. See *Quick Chek Food Stores v. Springfield Tp.*, 83 *N.J.* 438, 445 (1980).

At the time of the underlying rejection, and the proceeding before the Administrative Law Judge, Saldana's income reflected $452 per month in social security benefits for several of her minor children, and $168 per month in unemployment benefits. It is not controverted that this total of $620 per month exceeded by $33 the "unearned income" ceiling for AFDC eligibility. Subsequent to close of the record before the Administrative Law Judge, but prior to his decision, Saldana was advised by the Division of Unemployment and Disability Insurance that because her employer had incorrectly reported her wages, she was required to repay $819 plus interest, reflecting the amount of unemployment benefits she had received incorrectly.

Although Saldana's receipt of the unemployment benefits is not denied she contends that because she is obliged to repay that amount with interest, the $168 per month of unemployment benefits should now be reconsidered in calculating her unearned income for the months in which they were incorrectly paid. So recalculated, she would be rendered financially eligible for benefits, including Medicaid and food stamps.

Director argues that Aid to Families with Dependent Children (AFDC) is a joint federal-state program and that in determining eligibility, a state must comply with federal regulations as well as with its own state plan for AFDC. He correctly points out that under both federal and state regulations the definition of income for AFDC purposes basically embraces any funds not expressly excluded. The income which is expressly disregarded in AFDC eligibility computations is contained at 45 *C.F.R.* § 233.20(a)(3). Similar state provisions appear at *N.J.A.C.* 10:82–4.4 through 10:82–4.17. In the Director's view, even monies received which result in corresponding debt, must be considered "income" absent an express exclusion, and thus, the fact Saldana is obligated to repay the unemployment benefits is irrelevant in establishing her eligibility for AFDC.

Thus it is critical in this case to determine how the erroneous unemployment benefits should be characterized. If characterized as "income" and if Saldana's obligation to repay is ignored, then the State's argument may have merit.

Generally, unemployment benefits correctly paid would be considered "unearned income." However, the unusual circumstances in this case may compel a different conclusion.

Under state and federal law an agency must consider both income and resources of an eligible unit in determining eligibility and the amount of assistance payments. 45 *C.F.R.* § 233.20(a)(3)(ii); *N.J.A.C.* 10:82–3.1. Federal regulations spe-

cifically provide that "income after application of disregards,[1] ... and resources available for current use should be considered." 45 *C.F.R.* § 233.20(a)(3)(ii)(D). The regulation goes on to provide that: "[I]ncome and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance." *Id.* New Jersey regulations define resources as "real or personal property which is within the control of one or more members of the eligible unit, or to which the member may have a valid claim, and certain benefits and other contributions of support which may become available." *N.J.A.C.* 10:82–3.-1(b). Under New Jersey law certain resources are exempt and are not to be considered in determining eligibility. Significantly, among the exempt resources are proceeds of personal loans evidenced by a document signed by the client and lender, stating the amount to be repaid and terms of repayment. *N.J.A.C.* 10:82–3.2(8)(ii).

The $812 in unemployment benefits in the instant case is analogous to the "personal loan" situation. Saldana, too, has a clear obligation to repay and in fact, the Division of Unemployment and Disability Insurance is authorized to recoup the $812 against any future New Jersey income tax refunds, homestead rebates, unemployment or disability benefits to which she may become entitled. That the unemployment benefits were used to defray immediate living expenses is irrelevant if those benefits are treated in the same manner as receipts from a personal loan.

There is no dispute that Saldana received an invalid payment, has been ordered to repay and has a legal obligation to do so. However, there is no evidence to suggest that Saldana participated in any wrongful conduct which resulted in the invalid

---

[1]Disregards would be that income excluded by state or federal regulation in determining eligibility.

payment. Considering the policy of the cited *N.J.A.C.* provision regarding funds received from other lawfully acquired obligations such as personal loans, we think the Director should have granted reconsideration of the denial of welfare benefits when evidence of the unemployment benefits mistake was presented. Inasmuch as the contrary position of the Director has been clearly articulated in the briefs submitted by the State, there is little to be gained in remanding to the Director for further consideration of this point.

We hold that the Director should have considered the new evidence that Saldana was not entitled to the unemployment benefits and was legally obligated to repay the funds and upon doing so should have determined Saldana's eligibility without counting the unemployment benefits as a resource or income.

Accordingly, we reverse and remand to the Essex County Division of Welfare so that it may determine Saldana's eligibility, retroactive to July 10, 1985 without consideration of the unemployment benefits. No cash benefits which result from this recalculation for the period during which Saldana received the incorrect unemployment benefits should be disbursed until the Division of Unemployment and Disability Insurance is notified. The Division of Public Welfare may take such other actions it considers necessary consistent with state and federal law to ensure that no double benefit is received.

We appreciate the submissions of counsel in response to the questions raised by the court at oral argument as to the possible applicability and effect of 45 *C.F.R.* § 233.20(a)(3)(ii)(b). We are satisfied on the basis of these responses that this regulation is inapplicable to the present case. We decline to consider any newly raised issues which were not the subject of this appeal.

Reversed and remanded for action consistent with the foregoing.