**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0405-15T2

ANTONIO PEREIRA,

    Petitioner-Appellant,

v.

OASIS FOODS,

    Respondent-Respondent.

_____

Submitted December 20, 2016 — Decided June 13, 2017

Before Judges Reisner and Rothstadt.

On appeal from the Department of Labor and
Workforce Development, Division of Workers'
Compensation, Docket No. 2014-14393.

Mark Law Firm, LLC, attorneys for appellant
(Jamison M. Mark, of counsel; Jennifer L.
Casazza, on the brief).

Law Office of Ann Debellis, attorneys for
respondent (Ann Debellis, of counsel; David
P. Kendall, on the brief).

PER CURIAM

    This appeal involves a workers' compensation claim by

petitioner, Antonio Pereira, for medical benefits for an alleged

derivative injury he sustained while receiving treatment for a

recognized work-related injury he suffered six months earlier. The judge of compensation conducted a plenary hearing, made detailed credibility findings, and concluded the alleged derivative injury was not compensable as Pereira failed to prove it was work-related or arose from his earlier work related injury.

In his appeal from the August 13, 2015 order denying medical benefits for the injury, Pereira argues that the evidence did not support the judge's findings, she relied upon "incompetent evidence" and errors made by Pereira's first attorney, and the judge should have had an interpreter assist him during the hearing. He also contends that we should consider materials acquired after the judge's decision in the interest of justice. We disagree and affirm.

The facts found by the judge of compensation after the hearing can be summarized as follows. On July 10, 2013, Pereira injured his back in a work-related automobile accident and filed a claim (No. 2013-029419) for workers' compensation benefits. Oasis's workers' compensation carrier approved treatment for the injury that included physical therapy.

On May 20, 2014, Pereira filed a workers' compensation claim, No. 2014-014393, in which he alleged that on January 17, 2014, he sustained an "occupational hernia" as a result of "[l]oading, lifting, [and] unloading merchandise." In its answer, Oasis denied

the occurrence arose out of and in the course of employment and denied coverage.

Pereira filed a motion for medical benefits on July 18, 2014, under both claims' case numbers. In the motion, Pereira's attorney filed a certification to which he attached reports from doctors that stated the hernia was caused by work-related "repetitive stress and strains," and "caused over time from straining at work and physical therapy."

At the ensuing plenary hearing, however, Pereira's attorney informed the court that the hearing was limited to his clients' "January hernia case . . . the motor vehicle" accident. In his testimony at the hearing, Pereira never attributed his injury to any repetitive strain at work. Rather, he testified that on January 27, 2014, he sustained an umbilical hernia that required surgical treatment due to strenuous exercises that he was subjected to during his auto accident-related physical therapy. According to Pereira, while he was performing the exercise, his physical therapist noticed a bulge protruding from his stomach. He denied that he felt any type of "pop" or that he experienced any pain associated with the bulge.

In treatment notes, the physical therapist described the bulge, noted her advice to Pereira that he should consult with his medical doctor and stated that Pereira reported to her that he

fell in 2011 and afterwards "notic[ed] a bulge over his abdomen when he contracts his abdominals." Subsequent entries indicated that Pereira spoke with his physician, who told him "that the herniation existed prior to the workers comp accident and therefore was not to be treated at the time." According to medical records admitted into evidence without objection, Pereira exhibited symptoms of diastasis recti when he was treating for a prior work-related back injury in 2011. At that time it was considered to be "moderate."

According to Pereira's expert witness, diastasis recti is a condition where the muscles in the abdomen separate. Obese individuals with diastasis recti are at risk of developing umbilical hernias because the extra weight weakens the fascia making them more susceptible to tearing. Pereira, who is no more than 5'6" tall and weighs 229 pounds, is considered "morbidly obese" and his weight made him "prone to hernias."

The judge denied Pereira's application and set forth her findings and reasons in an eight-page written decision that she later amplified in writing. R. 2:5-1(b). Based on her evaluation of the parties' experts' opinions and what she described as Pereira's conflicting testimony, the judge concluded that he "failed to sustain his burden of proof" because the evidence established that "it was more likely than not that [the] hernia

4

was caused over a long period of time from the diastasis recti." In the judge's amplification, she explained that she found Pereira's "testimony varied with each doctor he consulted from what he stated in open court [and it] varied from the medical records."

"Appellate review of workers' compensation cases is 'limited to whether the findings made could have been reached on sufficient credible evidence present in the record . . . with due regard also to the agency's expertise[.]'" Hersh v. Cty. of Morris, 217 N.J. 236, 242 (2014) (alteration in original) (quoting Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004)); see also Renner v. AT & T, 218 N.J. 435, 448 (2014). We "generally give 'substantial deference' to [their] determinations . . . 'considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge . . . their credibility.'" Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (first quoting Earl v. Johnson & Johnson, 158 N.J. 155, 161 (1999); then quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). "Deference must be accorded . . . unless . . . 'manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994), certif. denied,

140 N.J. 277 (1995)).  Where "[i]t is the legal consequences flowing from those facts that form the basis of [the] appeal[, w]e owe no particular deference to the judge of compensation's interpretation of the law."  Sexton v. Cty. of Cumberland/Cumberland Manor, 404 N.J. Super. 542, 548 (App. Div. 2009) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

In our review, we are mindful that the Workers' Compensation Act, N.J.S.A. 34:15-1 to -146, "is humane social legislation designed to place the cost of work-connected injury on the employer who may readily provide for it as an operating expense."  Hersh, supra, 217 N.J. at 243 (quoting Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 94-95 (1988)).  The Act should be "construed and applied in light of this broad remedial objective."  Ibid. (quoting Livingstone, supra, 111 N.J. at 95).

The Act authorizes an award of workers' compensation benefits to an employee injured in an accident "arising out of and in the course of employment . . . ."  N.J.S.A. 34:15-7; see also Hersh, supra, 217 N.J. at 238.  In order for the injury to be compensable, there must be "a causal connection between the employment and the injury."  Coleman v. Cycle Transformer Corp., 105 N.J. 285, 290 (1986).  "It must be established that the work was at least a contributing cause of the injury and that the risk of the

occurrence was reasonably incident to the employment." <u>Ibid.</u> The "test asks 'whether it is more probably true than not that the injury would have occurred during the time and place of employment rather than elsewhere.'" <u>Id.</u> at 290-91 (quoting <u>Howard v. Harwood's Rest. Co.</u>, 25 <u>N.J.</u> 72, 83 (1957)).

An "employee is not disqualified under the requirement that the injury arise out of the employment where the pre-existing condition is aggravated, accelerated or combined with the pre-existing disease or infirmity to produce the disability for which compensation is sought." <u>Verge v. Cty. of Morris</u>, 272 <u>N.J. Super.</u> 118, 126 (App. Div. 1994). "In the context of aggravation of a preexisting condition, the corollary to that rule is that disqualification under the 'arising out of' criterion occurs when the preexisting condition is the sole cause of the injury for which compensation is sought." <u>Sexton</u>, <u>supra</u>, 404 <u>N.J. Super.</u> at 556 (citing <u>Spindler v. Universal Chain Corp.</u>, 11 <u>N.J.</u> 34, 39 (1952); <u>Shaudys v. IMO Indus., Inc.</u>, 285 <u>N.J. Super.</u> 407, 414-17 (App. Div. 1995); <u>Verge</u>, <u>supra</u>, 272 <u>N.J. Super.</u> at 128-29).

A petitioner seeking workers' compensation benefits generally must prove both legal and medical causation when those issues are contested. <u>Lindquist</u>, <u>supra</u>, 175 <u>N.J.</u> at 259. "Medical causation means the injury is a physical or emotional consequence of work exposure. Stated another way, proof of medical causation means

proof that the disability was actually caused by the work-related event." Ibid. (citation omitted). "Proof of legal causation means proof that the injury is work connected." Ibid. (citing Kasper v. Bd. of Trustees of Teachers' Pension and Annuity Fund, 164 N.J. 564, 591 (2000) (Coleman, J., concurring)).

Applying these standards, and based upon our careful review of the record and applicable legal principles, we affirm the judge of compensation's conclusion that Pereira failed to meet his burden, see Perez, supra, 278 N.J. Super. at 282, substantially for the reasons the judge stated in her comprehensive written decision and amplification, as we conclude her findings were supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D).

In an attempt to persuade us that the judge of compensation's decision was incorrect, Pereira argues that we should consider additional evidence that was developed after the hearing, including additional medical records and records from an ambulance service. We reject this invitation to re-open the record as our "review is limited to the record developed before the [workers' compensation] court," Davis v. Devereux Found., 209 N.J. 269, 296 n.8 (2012), and any argument based upon newly discovered evidence must be brought before that court for consideration before we engage in any review. See R. 4:49-1; Pressler & Verniero, Current

N.J. Court Rules, comment 1.4 on R. 4:49-1 (2017); see also R. 4:50-1(b) (regarding relief from judgment based upon newly discovered evidence); Saldana v. Essex Cty. Div. of Welfare, 224 N.J. Super. 1, 3 (App. Div. 1987) (regarding Superior Court Rules applicability to administrative proceedings).

Finally, we turn to Pereira's argument that his due process rights were violated because he was not provided with a Brazilian-Portuguese interpreter. There is nothing in the record of the hearing, however, that reflects any request by Pereira for an interpreter, nor was the issue raised before the judge of compensation after she denied Pereira's application. Pereira raised the issue of a due process violation for the first time in an affidavit he filed with this court. Under these circumstances, we have no reason to consider his argument. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Moreover, while we "acknowledged the important role that proper translation into the language of the litigant plays in our legal system," Alicea v. Bd. of Review, 432 N.J. Super. 347, 352 (App. Div. 2013), we agree with the judge of compensation's finding that "there was no language barrier [as] Pereira testified at length before th[e] court" without any impediment.

To the extent we have not specifically addressed any of Pereira's remaining arguments, we find them to be without

sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION